Hall's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

time for discovery. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998).

We decline to consider issues raised for the first time on appeal. *See Barcamerica Int'l. USA Trust v. Tyfield Importerers, Inc.*, 289 F.3d 589, 595 n. 6 (9th Cir.2002).

We deny all pending motions.

**AFFIRMED.**

**Alfred Ramaz FULTCHER, Petitioner–Appellant,**

v.

**Sherman HATCHER, Respondent–Appellee.**

**No. 02–16409.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Alfred Ramaz Fultcher appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Fultcher's federal petition was filed more than a year after his state court conviction became final, and thus it is time-barred unless some form of tolling applies. *See* 28 U.S.C. § 2244(d)(1). Fultcher contends that he is actually innocent and that actual innocence is an exception to the one-year statute of limitations. We have not decided whether actual innocence is an exception in such circumstances. *See Majoy v. Roe*, 296 F.3d 770, 776–77 (9th Cir. 2002) (declining to decide the issue). We need not reach the issue in this case. Even if the exception applied, Fultcher has not established that he is actually innocent, because he has proffered no new evidence indicating that the knife he used was, in fact, not inherently dangerous. *See Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (stating that to establish actual innocence, a prisoner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him") (internal quotation marks omitted).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We deny Fultcher's motion to broaden the certificate of appealability, as well as all other pending motions.

Thus, the district court properly dismissed Fultcher's petition.[1]

AFFIRMED.