Kailash C. CHAUDHARY,
Plaintiff—Appellant,

v.

Linda J. CLARKE, Warden,
Respondent—Appellee.

No. 03–15094.

D.C. No. CV–98–20887–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 22, 2003.

Daniel H. Bookin, Esq., Erika R. Frick, O'Melveny & Myers LLP, San Francisco, CA, for Plaintiff–Appellant.

Nanette S. Winaker, AGCA–Office of the California, Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Kailash C. Chaudhary appeals an order of the district court dismissing as untimely his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Chaudhary argues that the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), is inapplicable because he has made a colorable showing of actual innocence of second degree murder. Chaudhary also argues that the statute of limitations should be equitably tolled due to prison copying delays, library closures, and other events beyond his control. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Notwithstanding Chaudhary's contention that the district court erroneously required him to satisfy the standard for a free-standing claim of actual innocence, we conclude that Chaudhary has failed to meet the lower standard of a gateway claim of innocence sufficient to override his failure to file a timely habeas petition.[1] *See Majoy v. Roe,* 296 F.3d 770, 775–76 (9th Cir.2002) (discussing the gateway standard set forth in *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). We also agree with the district court that Chaudhary has failed to allege extraordinary circumstances to justify equitable tolling of the AEDPA's statute of limitations. *See Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (stating that the AEDPA's limitations period may be equitably tolled if the prisoner establishes extraordinary circumstances that made it impossible to file a timely petition).

The order of the district court dismissing Chaudhary's habeas petition is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.