**Mark HUNDLEY, Petitioner—Appellant,**

v.

**Ernie ROE, Warden, Respondent—Appellee.**

No. 04–55477.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2004.*

Decided June 10, 2005.

William J. Genego, Jr., Esq., Nasatir, Hirsch, Podberesky & Genego, Santa Monica, CA, for Petitioner-Appellant.

Chung L. Mar, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent-Appellee.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM **

Mark Hundley, a California state prisoner, appeals the dismissal as untimely of his habeas corpus petition brought under 28 U.S.C. § 2241, as limited by 28 U.S.C. § 2254. He contends that the district court should have reached the merits of his claims because he is actually innocent of the jury conviction of first degree murder and assault with a firearm. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and we affirm.

We review de novo the district court's order dismissing a petition for writ of habeas corpus. *See Griffin v. Johnson,* 350 F.3d 956, 960 (9th Cir.2003). We review the district court's findings of fact relevant to the denial of the habeas petition for clear error. *See Bonin v. Calderon,* 59 F.3d 815, 823 (9th Cir.1995).

Under the actual innocence gateway of *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), a petitioner's procedurally barred claim may be considered

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. *See Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir.2002).[1] To make a showing of actual innocence, a petitioner must establish that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.' " *Id.* (quoting *Schlup*, 513 U.S. at 327, 115 S.Ct. 851).[2]

Hundley maintains that the district court erred in failing to consider the proffered affidavits of several witnesses. The record reveals that the district court examined the proffered affidavits and declined to allow the witnesses to testify at an evidentiary hearing. The exclusion of these witnesses from the evidentiary hearing was within the discretion of the district court. *See Griffin*, 350 F.3d at 966. Hundley's assertion that the district court refused to consider the affidavits in its *Schlup* inquiry is without merit.

Hundley maintains that the district court erred in determining that Ms. McDonald's testimony was unreliable. The district court's findings of facts regarding the reliability of Ms. McDonald were not clearly erroneous, and we give special deference to the district court's credibility determination. *See United States v. Haswood*, 350 F.3d 1024, 1028 (9th Cir.2003).

We have considered the evidence in the record before us, including the evidence introduced at trial, the evidence not introduced at trial, the evidence proffered by Hundley in this proceeding, and the evidence of the evidentiary hearing in this proceeding. We agree with the district court that Hundley has failed to establish that it is more likely than not that no reasonable juror would have convicted him. *See Griffin*, 350 F.3d at 965.

AFFIRMED.

---

1. Neither the Supreme Court nor this court has decided whether the habeas corpus statute of limitations set forth in 28 U.S.C. § 2244(d) may be overridden by a showing of actual innocence. *Majoy* 296 F.3d at 776.

2. The respondent maintains that the *Schlup* "more likely than not" standard for determining actual innocence was superceded by the "clear and convincing" standard contained within 28 U.S.C. § 2254(e)(2) of the Antiterrorism Effective Death Penalty Act of 1996 (AEDPA). We refrain from deciding whether *Schulp* survives the enactment of AEDPA because Hundley fails to establish that he is eligible for relief under either standard.