Curtis HOLIDAY, Petitioner–Appellant,

v.

G.A. MUELLER, Warden, Respondent–Appellee.

No. 00–55581.

D.C. No. CV–99–05875–TJH (ECE).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Oct. 23, 2002.

Before THOMPSON, Senior Circuit Judge, RAWLINSON Circuit Judge, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Holiday's § 2254 petition, alleging ineffective assistance of counsel and insufficiency of the evidence claims, was dismissed by the district court as time barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). He appeals, contending that his gateway claim of actual innocence pres-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ents an exception to the statute of limitation. This circuit has not heretofore decided the issue raised by Holiday and we see no need to do so in this case. *See Majoy v. Roe,* 296 F.3d 770, 777 (9th Cir.2002). To establish a gateway claim of actual innocence, Holiday "must show that in light of all the evidence ... 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Carriger v. Stewart,* 132 F.3d 463, 478 (9th Cir.1997) (en banc) (quoting *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Holiday's argument that the evidence against him was "thin," in that it showed only that Holiday and two other men approached the victim, that a ten-year-old girl saw a "shine" pass among the three men, that the victim raised his right hand holding a bottle and that a shot was fired, and further that defense counsel had conducted an inadequate investigation, does not satisfy the requisite showing.

AFFIRMED.