**Roger S. LIANG, Petitioner— Appellant,**

v.

**G.J. GUIRBINO, Respondent—Appellee.**

No. 03–57043.

D.C. No. CV–03–00254–MLR(RZ).

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Fed. R.App. P. 34(a)(2).

Roger S. Liang, Imperial, CA, pro se.

Louis W. Karlin, Nora Genelin, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM **

Roger S. Liang, a California state prisoner, appeals pro se the dismissal as untimely of his habeas corpus petition under 28 U.S.C. § 2254. He contends that the district court should have reached the merits of his claims because he is actually innocent of the second degree murder for which he was convicted. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Neither the Supreme Court nor this court has decided whether the habeas corpus statute of limitations set forth in 28 U.S.C. § 2244(d) may be overridden by a

showing of actual innocence. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir.2002). To make such a showing, a petitioner must establish that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). The petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Jaramillo v. Stewart,* 340 F.3d 877, 882–83 (9th Cir.2003) (petitioner actually innocent if establishes self-defense rendering conduct non-criminal).

The evidence presented at trial showed that Liang accosted the victim. The victim walked toward Liang, pulling off his shirt. When he was six to eight feet away, Liang shot him. Liang testified that he shot the victim out of fear because he himself had been shot and severely injured about two months earlier. In closing argument the prosecutor argued that Liang's testimony was not credible, in part because he did not offer any medical evidence of his prior injuries.

Liang offered medical evidence before the district court, which assumed that this evidence established that Liang was shot in the chest two months before he killed the victim. The district court concluded that the newly presented evidence might have made Liang's self-defense claim more believable, but did not meet the *Schlup* standard for establishing a miscarriage of justice. We agree. *See Majoy,* 296 F.3d at 776.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.