**Clinex ADAMS, Petitioner–Appellant,**

v.

**C.M. HARRISON, Warden,
Respondent–Appellee.**

No. 07–55509.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Feb. 1, 2008.

Mark Stephen Smith, Law Offices of Mark S. Smith, Long Beach, CA, for Petitioner–Appellant.

Michael J. Wise, Esq., Deborah J. Chuang, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS and M. SMITH, Circuit Judges, and HOLLAND *, District Judge.

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

## MEMORANDUM **

Clinex Adams filed a petition for a writ of habeas corpus asserting that, due to constitutional error at trial, he was convicted of murder despite his actual innocence. In his petition, Adams included two affidavits in which trial witnesses recanted their prior identification of Adams. The district court dismissed the petition as untimely. Adams argues that (1) his petition should be considered timely under the actual innocence theory of *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and (2) the district court erred by not granting him an evidentiary hearing to support his assertion of actual innocence. We affirm.

## I

The dismissal of a habeas petition based on the statute of limitations is reviewed de novo. *See Shannon v. Newland,* 410 F.3d 1083, 1087 n. 3 (9th Cir.2005), *cert. denied,* 546 U.S. 1171, 126 S.Ct. 1333, 164 L.Ed.2d 49 (2006).

■ The Supreme Court has held that a habeas petitioner may establish a procedural "gateway" permitting review of defaulted claims or successive petitions if he or she can demonstrate "actual innocence." *Schlup,* 513 U.S. at 315, 115 S.Ct. 851; *see also House v. Bell,* 547 U.S. 518, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006).[1] A petitioner asserting innocence under *Schlup* must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327, 115 S.Ct. 851. The habeas court must consider "all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328, 115 S.Ct. 851 (citation omitted). The court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Id.* at 332, 115 S.Ct. 851.

This court must consider whether any reasonable juror would have convicted Adams after hearing McDowell and Thompson's pre-trial, trial, and post-trial testimony. It is unlikely that any reasonable juror would believe the affiants' later testimony over their earlier sworn statements. *See Smith v. Baldwin,* 510 F.3d 1127, 1141–43 (9th Cir.2007) (en banc).

McDowell's new testimony came 14 years after the crime and 12 years after he testified against Adams. *See Herrera v. Collins,* 506 U.S. 390, 423, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (O'Connor, J., concurring) (Affidavits "produced ... at the 11th hour with no reasonable explanation for the nearly decade-long delay" are "suspect."). His statement that he was not able to identify Adams at the time of the shooting is not credible in light of the detailed information he presented to the police before and at the trial. In addition, McDowell's later testimony contradicts the testimony of other witnesses. Officer Mason described in detail how McDowell identified Adams's photograph.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Neither the Supreme Court nor this court has held that a showing of actual innocence can toll AEDPA's one-year statute of limitations. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir.2002). Because Adams has failed to meet his burden under *Schlup,* we need not address this open question.

Thompson's affidavit came 16 years after the crime and 14 years after the trial. *See Herrera,* 506 U.S. at 423, 113 S.Ct. 853 (O'Connor, J., concurring). It contradicts the testimony of Officers Mason, Swanson, and Wright. Thompson's trial testimony conflicts with his pre-trial testimony and his affidavit contradicts his trial testimony.

There is evidence against Adams that is not discredited by the affidavits. McDowell's recantation left intact his description of Adams's car. This description was corroborated by Ricky Johnson and Edna Styles, as well as Thompson's pretrial testimony. Further, there was evidence of consciousness of guilt, as Adams repainted his car the day following the murder, moved to Seattle, and began using a false name.

The only new evidence presented by Adams is later recantations of earlier, more credible, corroborated testimony. Presented with all the evidence, a rational juror would find Adams guilty beyond a reasonable doubt. Adams has not met his burden under *Schlup.*

## II

The decision to grant an evidentiary hearing is reviewed for abuse of discretion. *Schriro v. Landrigan,* —— U.S. ——, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007).

■ The district court did not abuse its discretion in denying Adams's request for an evidentiary hearing. The two affidavits submitted by Adams were submitted over a decade after the trial and are of questionable credibility. Additional testimony from McDowell or Thompson is unlikely to make their revised account any more credible. Adams "has not established that an evidentiary hearing would produce evi-

dence more reliable or more probative than the [affidavits] that were before the district court." *Griffin v. Johnson,* 350 F.3d 956, 966 (9th Cir.2003).

**AFFIRMED.**