**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RICHARD R. LEE,
     *Petitioner-Appellee,*

v.

ROBERT O. LAMPERT,
     *Respondent-Appellant.*

No. 09-35276

D.C. No.
1:02-cv-00300-CL

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted
October 5, 2009—Portland, Oregon

Filed July 6, 2010

Before: Diarmuid F. O'Scannlain and N. Randy Smith,
Circuit Judges, and Charles R. Wolle,*
Senior District Judge.

Opinion by Judge O'Scannlain;
Concurrence by Judge N.R. Smith

---

*The Honorable Charles R. Wolle, United States District Judge for the
Southern District of Iowa, sitting by designation.

## COUNSEL

Stephen R. Sady, Chief Deputy Federal Public Defender of Oregon, argued the cause for the petitioner-appellee and filed the briefs. Lynn Deffebach, Research and Writing Attorney, also was on the briefs.

Janet A. Klapstein, Senior Assistant Attorney General of Oregon, argued the cause for the respondent-appellant and filed the briefs. John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, Carolyn Alexander, Senior Assistant Attor-

ney General, and Erin C. Lagesen, Senior Assistant Attorney General, also were on the briefs.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether to recognize a judge-made exception to the statute of limitations for federal habeas relief in the case of a state prisoner who makes a showing of actual innocence in his original petition.

I

An Oregon state court jury convicted Richard Lee of two counts of first-degree sexual abuse and two counts of sodomy of a four-year-old named Matthew. Lee appealed, but his counsel filed the Oregon equivalent of an *Anders* brief, and the Oregon Court of Appeals affirmed the conviction. Lee did not seek review in the Oregon Supreme Court, so direct review became final on September 30, 1996.

Lee timely filed for state postconviction relief. He alleged, *inter alia*, that he received ineffective assistance of counsel regarding the initial exclusion of evidence concerning another suspect, the appeal of the same issue, the failure to call an expert witness on the reliability of child testimony, and the calling of witnesses harmful to the defense. But his petition was denied. The Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. State postconviction proceedings thus became final on September 24, 2001.

Lee petitioned for habeas relief in federal district court, again alleging, *inter alia*, ineffective assistance of counsel. Initially, the district court, relying on a magistrate judge's recommendation that Lee did not appeal the state trial court's

denial of postconviction relief, dismissed his petition as untimely under the one-year federal statute of limitations for seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). We reversed. *Lee v. Lampert*, 92 F. App'x 532 (9th Cir. 2004). Lee then filed an amended petition in 2005, which was held in abeyance pending determination of the retroactivity of *Crawford v. Washington*, 541 U.S. 36 (2004). After resolution of that issue, the magistrate judge again recommended denying the habeas petition.

But this time the district court disagreed. After conducting several evidentiary hearings over the fall and winter of 2008, it granted the petition for a writ of habeas corpus on March 24, 2009, finding that Lee established actual innocence and ineffective assistance of counsel and ordering Oregon to release or to retry Lee. *Lee v. Lampert*, 607 F. Supp. 2d 1204, 1221-22, 1226 (D. Or. 2009). The State timely appealed and a motions panel stayed the district court order, placing the case on expedited calendar for our review.

## II

The State contends that Lee's petition for a writ of habeas corpus is simply time-barred. Lee responds that the district court properly applied an "actual innocence" exception to the one-year statute of limitations for his original petition.

## A

**[1]** We begin, as always, with the text of the statute. AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute specifies that the one-year period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion *direct review* or the expiration of the time for seeking such review;

(B) the date on which the *impediment* to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the *constitutional right* asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the *factual predicate* of the claim or claims presented could have been discovered through the exercise of *due diligence*.

*Id.* § 2244(d)(1)(A)-(D) (emphases added). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

**[2]** So written, the statute establishes three "very specific exceptions" to the primary date for the running of the limitations period, that is, the date on which direct review becomes final. *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003); *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (similarly contrasting the date on which direct review becomes final and the other "three circumstances"). Those exceptions involve state-created impediments, new constitutional rights, and diligent discovery of new facts. 28 U.S.C. § 2244(d)(1)(B)-(D). Notably absent from this enumeration of exceptions is an "actual innocence" exception.

B

**[3]** The parties do not dispute that Lee did not timely file his federal habeas petition, and they are correct. Lee filed for

state postconviction relief nearly a year and a half after his direct appeal became final.[1] Then, after his state postconviction relief proceedings ended, during the pendency of which the limitations period is tolled,[2] Lee waited more than six months to file for federal habeas relief. All told, Lee filed his federal habeas petition well after the one-year statute of limitations had expired. Lee does not allege, with good reason, that one of the other start dates for the statute of limitations is applicable: the state created an impediment to filing, 28 U.S.C. § 2244(d)(1)(B), a new constitutional right relevant to his case had been announced, *id.* § 2244(d)(1)(C), or he discovered new facts through the exercise of due diligence. *Id.* § 2244(d)(1)(D).

[4] Despite his untimeliness, the district court held, and Lee maintains in response to the State's argument, that he is entitled to have the claims in his original petition heard on the merits if he makes a showing of actual innocence pursuant to *Schlup v. Delo*, which allowed such a gateway through limitations on second or successive habeas petitions. 513 U.S. 298, 315 (1995); *see House v. Bell*, 547 U.S. 518, 537 (2006) (applying gateway to exhaustion requirements). The question for us is whether there also is such a "gateway" actual innocence exception through the statute of limitations for original petitions. This is a question of first impression in our circuit. *Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) ("express[ing] no opinion" on "whether surviving the rigors of this [*Schlup*] gateway has the consequence of overriding

---

[1]Lee filed for state postconviction relief on February 23, 1998, more than sixteen months after direct review of his conviction became final on September 30, 1996. While timely for state purposes, such was not within the one-year limit required by AEDPA.

[2]The parties dispute exactly how late Lee has filed. The state argues that he filed five years late because the limitations period is not tolled during the pendency of state postconviction relief initially sought after the one-year statute of limitations. Lee responds that it is so tolled. Ultimately, this dispute does not matter, so we decline to evaluate the parties' claims.

AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court.").

But we do not write on a blank slate. Four circuits have held that there is no actual innocence exception serving as a gateway through AEDPA's statute of limitations to the merits of a petitioner's constitutional claims in original petitions, *Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005) (Easterbrook, J.); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) (Boudin, J.); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (Smith, J.); *Flanders v. Graves*, 299 F.3d 974, 976-78 (8th Cir. 2002) (R. Arnold, J.), while one circuit has held that there is such an exception. *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005) (Moore, J.).

C

In *Holland v. Florida*, No. 09-5327, 2010 WL 2346549 (U.S. June 14, 2010), the Court considered whether AEDPA's statute of limitations period is subject to equitable tolling. *Id.* at *9-*12. Agreeing with all eleven circuits, the Court held that it is. The Court began its analysis by reiterating the well-recognized principle that nonjurisdictional statutes of limitation are subject to a rebuttable presumption in favor of equitable tolling. *Id.* at *9-*10. Because AEDPA's statute of limitations is nonjurisdictional, the only inquiry before the Court was whether there was sufficient evidence to rebut the presumption. The Court considered various textual arguments, such as the canon of *inclusio unius est exclusio alterius*, but concluded that there was not sufficient evidence to overcome the presumption. *Id.* at *10-*12.

Here, by contrast, there is no presumption that nonjurisdictional statutes of limitations are normally subject to an actual innocence exception. No court has ever held that there is such a presumption, and for good reason: an actual innocence exception would not make sense in the context of any statute of limitations except the one at issue here. Nor is the actual

innocence exception a species of equitable tolling, such that the presumption in favor of equitable tolling entails a presumption in favor of an actual innocence exception. Quite the contrary, the actual innocence exception is not a type of tolling because it does not involve extending a statutory period for a particular amount of time. Moreover, the actual innocence exception has nothing to do with failing to meet a deadline because of extraordinary circumstances, which is the situation addressed by equitable tolling. *Id.* at *12. Our inquiry, therefore, is not limited to whether there is sufficient evidence to rebut a presumption. Rather, we must determine the best reading of the statute in the first instance.

**[5]** The omission of "actual innocence" from the enumerated list of exceptions in the statutory text is significant, as four of our sister circuits have held. Since "section 2244(d) comprises six paragraphs defining its one-year limitations period *in detail* and *adopting very specific exceptions*," the First Circuit reasoned, "Congress likely did not conceive that the courts would add new exceptions and it is even more doubtful that it would have approved of such an effort." *David*, 318 F.3d at 346 (emphasis added). It is not our place to "engraft an additional judge-made exception onto congressional language that is clear on its face." *Flanders*, 299 F.3d at 977. We "cannot alter the rules laid down in the text." *Escamilla*, 426 F.3d at 872. The "one-year limitations period established by § 2244(d) contains no explicit exemption for petitions claiming actual innocence," and we decline to add one. *Cousin*, 310 F.3d at 849.[3]

**[6]** Our reluctance to add our own judge-made exception to a statutory enumeration of exceptions accords with the

---

[3]Indeed, it would be unconstitutional for us to do so, as federal courts do not have inherent power to issue the writ of habeas corpus. *Ex parte Bollman*, 4 Cranch 75, 94 (1807) ("[T]he power to award the writ by any of the courts of the United States, must be given by written law."); *Schlup*, 513 U.S. at 350 (Scalia, J., dissenting).

well-established interpretive canon of *expressio unius est exclusio alterius*, that is, the express mention of one thing excludes all others. As the Court recently remarked, while refusing to create another exception to toll a different statute of limitations when the statute at issue already included an explicit exception, "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001) (quoting *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-617 (1980)); *see United States v. Smith*, 499 U.S. 160, 167 (1991) ("Congress' express creation of these two exceptions convinces us that the Ninth Circuit erred in inferring a third exception . . . ."). That Congress created three exceptions to the general rule that the limitations period begins upon the conclusion of direct review indicates it did not intend other exceptions, and there is no evidence to the contrary.[4]

[7] Our conclusion is buttressed by the explicit enumeration of an actual innocence exception in AEDPA a mere two subsections above the statute of limitations section, section 2244(d)(1), in section 2244(b)(2)(B), which governs the filing of second or successive habeas petitions. That section provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . .

---

[4]In fact, the inclusion of a diligence requirement for the discovery of new facts in section 2244(d)(1)(D) would make adding an actual innocence exception inconsistent with the statutory scheme. A petitioner could discover such facts and then, if they established actual innocence, hold them until he felt the time was right, then availing himself of the actual innocence exception and avoiding the diligence requirement. *Chestang v. Sisto*, 2009 WL 2567860, *13 (E.D. Cal. Aug. 18, 2009). We decline to make the diligence requirement superfluous.

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, *no reasonable factfinder would have found the applicant guilty of the underlying offense*.

28 U.S.C. § 2254(b)(2) (emphasis added). This provision expressly creates an actual innocence exception to the bar against second or successive habeas petitions.[5] It is thus especially significant that section 2244(d)(1) does not include an actual innocence exception, because "Congress clearly knew how to provide such an escape hatch." *David*, 318 F.3d at 347; *see Flanders*, 299 F.3d at 977 (emphasizing that "other parts of AEDPA, enacted at the same time, do refer to this doctrine" of actual innocence (citing 28 U.S.C. § 2244(b)(2)(B)(ii))). We interpret differences in statutory text to be meaningful, as has the Court when interpreting AEDPA's statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (interpreting § 2244(d)(2) differently than § 2244(d)(1)(A) because "§ 2244(d)(1)(A) uses much different language from § 2244(d)(2)").[6] In light of the

---

[5]This actual innocence exception tracks verbatim the test in *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992), the test that *Schlup* itself rejected. Thus, Congress created an actual innocence exception but chose a more restrictive standard.

[6]In *Holland*, the Court held that an *inclusio unius est exclusio alterius* argument—that Congress specified statutory tolling in section 2244(d)(2) but omitted equitable tolling in section 2244(d)(1)—was not enough to overcome the rebuttable presumption in favor of equitable tolling. 2010 WL 2346549, at *11. As we have discussed, there is no such presumption in favor of an actual innocence gateway that overcomes the well-recognized strength of such textual canon. Moreover, the *Holland* Court held that the rebuttable presumption outweighed the canon because there

absence of a presumption in favor of an actual innocence gateway, we believe the best reading of the statute is that it does not include an unenumerated actual innocence gateway.

## III

Lee responds to the State's contention that his habeas petition is time-barred with five of his own arguments.

## A

He first advances a different interpretation of the omission of an "actual innocence" exception to the statute of limitations despite its enumeration in a nearby subsection, based on his view of the history of the actual innocence exception. Lee argues that Congress enacted AEDPA's statute of limitations against the background of *Schlup*'s actual innocence gateway, so that the omission of an actual innocence exception in section 2244(d) and the modification of such an exception in section 2244(b) indicate that an *unmodified Schlup* exception applies to section 2244(d). The *Schlup* exception, in other words, was a default that need not be mentioned. The Sixth Circuit has advanced a similar argument. *Souter*, 395 F.3d at 590 n.5, 598.

[8] But Lee gets his history wrong. The *Schlup* exception never applied to federal statutes of limitations because AEDPA created such limitations later. *Schlup* applied to second or successive habeas petition limitations, 513 U.S. at 301, and state procedural requirements. *Murray v. Carrier*, 477

---

was an explanation for Congress's specification of statutory tolling in section 2244(d)(2) and omission of equitable tolling, a *different* type of tolling, in section 2244(d)(1)—namely, that such specification was necessary to explain the interaction between federal and state postconviction proceedings. *Id.* There is no such explanation regarding the specification of an actual innocence exception in section 2244(b)(2)(B)(ii) and the omission of the *same* type of exception in section 2244(d)(1).

U.S. 478 (1986).[7] There was thus no preexisting actual inno-
cence exception in the statute of limitations context for Con-
gress to leave untouched. For Lee's theory to hold water, we
would have to believe that Congress decided to rely on the
judiciary to create an extratextual exception to a brand-new
limitation on habeas relief never before considered by a fed-
eral court. We doubt Congress thinks we are mindreaders,
especially because Congress included three fairly standard
exceptions in the statute of limitations it created, not relying
on courts to read them in. 28 U.S.C. § 2244(d)(1)(B)-(D). In
any event, Lee's historical speculation cannot override the
plain meaning of the statute.

B

Lee next responds that we should create an extratextual
actual innocence exception to AEDPA's statute of limitations
because *House v. Bell* implemented such an extratextual
exception in the section 2254 state procedural default context.
Essentially, Lee argues that *House* continued to employ an
actual innocence exception despite silence in the habeas stat-
ute, so we should too.

But *House* did not do what Lee asks us to do. Lee misun-
derstands the relationship between AEDPA and the law gov-
erning state procedural defaults. That law is largely judge-
made, though based loosely on section 2254(b). It has long
included a *Schlup* exception. In enacting AEDPA, Congress
did not change that law, as AEDPA did not substantively
amend section 2254(b).[8] It thus left the law of state procedural
defaults untouched. The *House* Court recognized as much

---

[7]Prior to AEDPA, courts relied on a prejudice test for untimeliness. *See
Ferguson*, 321 F.3d at 822.

[8]AEDPA obviously revised section 2254(b), but the changes were
largely cosmetic and organizational. *Compare* 28 U.S.C. § 2254(b) (2000),
*with id.* § 2254(b) (1994).

when deciding that AEDPA did not affect the *Schlup* inquiry in the state procedural default context. 547 U.S. at 539.[9]

Thus, we confront a very different situation than the *House* Court. *House* reaffirmed a judge-made exception in a judge-made area of law left untouched by AEDPA. Here, Congress has since entered the field; we will not attempt to retake it.

C

Even if Lee were to concede and to point to *House* only as an indication of the Court's general willingness to deviate from the text of habeas statutes, we think it inappropriate to deviate here because we confront a Congress that knew of the *Schlup* exception, but omitted it in section 2244(d). The same awareness cannot be imputed to Congress for the state procedural default section enacted decades before.

**[9]** *House* thus, at most, stands for the general principle that courts may imply an exception when Congress is unaware of it and has not legislated against it. Neither condition applies to section 2244(d) because at the time of its enactment in AEDPA the *Schlup* exception was well-known and AEDPA consciously picked and chose when to codify the *Schlup* exception. In any event, such broad, purposive interpretation of precedent does not overcome the plain meaning of the text.

---

[9]Specifically, the Court acknowledged that AEDPA's section 2244(b)(2)(B)(ii) raised the *Schlup* standard to the *Sawyer* standard for second or successive habeas petitions and that AEDPA's section 2254(e)(2) established a *Sawyer*-like inquiry regarding the appropriateness of evidentiary hearings. But, the Court was quick to distinguish, "[n]either provision addresses the type of petition at issue here—a first federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence." 547 U.S. at 539.

D

Lee further responds that it is inequitable to distinguish between prisoners subject to federal as opposed to state statutes of limitations. That may be true, but it is not up to us to revise the habeas statute to conform with our understanding of equity. Congress distinguished between federal and state statutes of limitations when it omitted a *Schlup* exception from section 2244(d) without revising section 2254(b)(2). We will not rewrite Congress's handiwork.[10]

All told, Lee's statutory responses are unpersuasive. We will not override the plain meaning of the statute because of policy concerns or erroneous and speculative interpretations of AEDPA history and Supreme Court precedent.

E

Lee's final response is that the court should extend the actual innocence exception to the federal statute of limitations to avoid serious constitutional concerns regarding the Suspension Clause. *Souter*, 395 F.3d at 601-02.

We have explicitly rejected the claim that AEDPA's one-year statute of limitations violates the Suspension Clause in *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). There, we rejected as time-barred the petition of a state prisoner who filed after the one-year AEDPA limit. *Id.*[11]

---

[10]Nor is Lee's purposive argument, regarding the nature of habeas corpus, persuasive. If AEDPA has a cognizable purpose, it "reflects Congress' view that the courts were being too generous with habeas relief and that the whole system needed to be tightened up." *David*, 318 F.3d at 346 (citing H.R. Rep. No. 104-518, at 111 (1996) ("This title incorporates reforms to curb the abuse of the statutory writ of habeas corpus.")).

[11]In *Ferguson*, we also rejected Lee's argument that the difference between the state and federal limits creates a trap for the unwary: "there is no 'trap' " because federal and state rights are different and there is no reason to think that following the procedures for the latter will satisfy the procedures for the former. 321 F.3d at 823. In such a case, a petitioner can file a protective petition to protect his federal rights, as the Supreme Court recently noted. *Pace v. DiGugleilmo*, 544 U.S. 408, 416 (2005).

"AEDPA's one-year statute of limitations," we reasoned, "does not render federal habeas an inadequate or ineffective remedy" to test the legality of a state prisoner's detention. *Id.* Rather, it "leaves petitioners with a reasonable opportunity to have their federal claims heard." *Id.*[12] After all, we noted, the Supreme Court upheld AEDPA's added restrictions on second or successive habeas petitions. *Id.* at 822 (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

[10] Nor does the absence of an actual innocence exception to the statute of limitations constitute a suspension. Lee's arguments were available to him immediately following his conviction. He had "ample time" to bring his claim. *David*, 318 F.3d at 347. The absence of an actual innocence exception, therefore, does not make the writ inadequate or ineffective to test a detention.[13] The First Circuit has come to a similar conclusion: "the limitation is not even arguably unconstitutional." *Id.*

This conclusion is buttressed by the fact that the actual innocence exception arises from the judiciary's equitable discretion, not the Constitution. *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a

---

[12]*Ferguson* remarked that the statute of limitations is not a "per se" violation of the Suspension Clause. It took that language from *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000), the first case in our circuit to uphold the statute of limitations against a Suspension Clause challenge. *Green* emphasized that the AEDPA statute of limitations allows for consideration of individual circumstances, presumably through the exceptions in sections 2244(d)(1)(B)-(D), which have the same effect as equitable tolling doctrine. Such a feature is not compromised by the absence of an actual innocence gateway. Thus, the "per se" language does not undermine our conclusion. Rather, it emphasizes the importance of individualized application of section 2244(d)(1)(B)-(D) to a particular petitioner.

[13]This is especially true because of the exception for new evidence in section 2244(d)(1)(C). *David*, 318 F.3d at 347.

federal habeas court *may* grant the writ even in the absence of a showing of cause for the procedural default.") (emphasis added); *Schlup*, 513 U.S. at 314-17 (not mentioning constitutional concerns while formulating exception); *id.* 324-27 (not mentioning constitutional concerns in holding that *Sawyer* standard was too strict for actual innocence inquiry); *House*, 547 U.S. at 536-38 (not mentioning constitutional concerns while formulating exception). We decline to rule otherwise and instead follow *Ferguson*: AEDPA's statute of limitations without an actual innocence exception does not violate the Suspension Clause.

[11] Consequently, we conclude that there is no *Schlup* actual innocence exception to override AEDPA's statute of limitations. Lee's habeas petition is thus time-barred and must be dismissed.

IV

We have previously refrained from deciding whether there is an actual innocence exception that serves as a gateway through the AEDPA statute of limitations to the merits of a petitioner's claims. *Majoy*, 296 F.3d 776-77. Instead, we have assumed such an exception and have evaluated the actual innocence claims themselves, waiting until a state prisoner shows actual innocence to answer the legal question. *Id.*[14]

But this is the minority approach. Four circuits have decided the question in the manner we do today. *Escamilla*, 426 F.3d at 871-72 (Seventh Circuit); *David*, 318 F.3d at 347 (First Circuit); *Cousin*, 310 F.3d at 849 (Fifth Circuit); *Flanders*, 299 F.3d at 976-78 (Eighth Circuit). And, of course, the Sixth Circuit necessarily reached the issue with contrary result

---

[14]Although Lee does not so argue, we are not constrained by the unreasoned dicta in *Majoy* that whether an actual innocence exception to the statute of limitations exists "is not appropriately addressed by us in a hypothetical context." *Majoy*, 296 F.3d at 777.

in *Souter*, 395 F.3d at 585. Only two circuits have declined to decide. *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333-34 (11th Cir. 2008); *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004).

We now resolve this question for our circuit for two reasons.

## A

First, there is a widening split among the district courts of our circuit on whether there is an actual innocence exception to section 2244(d). Several district courts, including ones in the Central District of California, the Northern District of California, and the District of Oregon, have held that "actual innocence" overrides the statute of limitations. *E.g.*, *Lisker v. Knowles*, 463 F. Supp. 2d 1008, 1032-38 (C.D. Cal. 2006) (Phillips, J.) ("[T]he Court concludes that AEDPA's statute of limitations must be tolled when an evidentiary showing demonstrates that its application would work a miscarriage of justice under *Schlup*."); *Larsen v. Adams*, 642 F. Supp. 2d 1124, 1131 (C.D. Cal. 2009) (Snyder, J.) (holding that "a credible actual innocence claim overcomes the statute of limitations bar"); *Nickerson v. Roe*, 260 F. Supp. 2d 875, 890 (N.D. Cal. 2003) (Patel, C.J.) (adhering to previous order finding actual innocence exception); *O'Neal v. Lampert*, 199 F. Supp. 2d 1064, 1066 (D. Or. 2002) (Aiken, J.) (finding "that creating an 'actual innocence' exception to the habeas corpus statute of limitations is a logical extension of [*Schlup*]").

Several other district courts, including some within the Eastern District for California and the District of Oregon, have held the opposite. *E.g.*, *Chestang v. Sisto*, No. CIV S-07-1173 (E.D. Cal. Sept. 30, 2009) (Karlton, J.), *adopting in full*, 2009 WL 2567860, *13 (E.D. Cal. Aug. 18, 2009) ("The court is persuaded by the *David* rationale that claims of actual innocence are required to be brought diligently the same as any other claim."); *Souliotes v. Tilton*, 2008 WL 782479, *8

(E.D. Cal. Mar. 20, 2008) (Wanger, J.) (rejecting actual inno-
cence argument and ruling that "petition for writ of habeas
corpus is barred by the statute of limitations"); *Flemmer v.
Eckland*, Civ. No. 99-598-HU, at 2 (D. Or. 2000) (King, J.)
(adopting magistrate judge's recommendation that there is no
actual innocence exception to statute of limitations).

This split creates troubling inconsistency. The rights of
state prisoners in Oregon depend on which judge hears their
cases. The rights of state prisoners in California depend on the
happenstance of the location of their state prison. Such chaos
calls out for our resolution.

B

Our second reason for resolving this question at this time
is that our district courts are expending vast amounts of
resources under the current approach of evaluating actual
innocence, on the assumption that an actual innocence excep-
tion exists. Each such evaluation requires the submission of
exhibits, oral argument, evidentiary hearings, and numerous
rulings, as the case before us demonstrates.[15] Here, the district
court held several hearings and accepted numerous exhibits
over the course of proceedings lasting several months. *Lee*,
607 F. Supp. 2d at 1216; *see Nickerson*, 260 F. Supp. 2d at
889 (recounting four days of hearings over three months, two
hundred exhibits, and post-hearing briefing).

[12] A simple search, furthermore, demonstrates that every
district in our circuit has faced numerous cases like this, in
which they scrupulously evaluated actual innocence claims in
the context of a petition time-barred by the statute of limita-
tions, on the assumption that an actual innocence exception
exists.[16] The Central District of California, by itself, has

---

[15]Since the district courts are also assuming the *Schlup* as opposed to
*Sawyer* standard, they may also be expending extra resources due to the
difference between the two standards.

[16]Unless otherwise noted, the courts in these cases assumed the exis-
tence of an actual innocence exception, then evaluated whether the peti-

decided at least twenty-four cases in this manner between March 4, 2008 and October 5, 2009, the date of argument in this case.[17] This massive expenditure of judicial resources has

---

tioner successfully established actual innocence, and then rejected his petition after finding he did not meet his burden. In some cases, we have noted in the parentheticals that district courts acted as if prior precedents in their district did not exist, a further instance of chaos in this area of law. *Jelks v. Swenson*, 2008 WL 4974420, *6+ (D. Haw. Nov. 21, 2008); *Jardine v. Barrier*, 2007 WL 2993918, *4 (D. Idaho Oct. 11, 2007); *Weaver v. Att'y Gen. of Mont.*, 597 F. Supp. 2d 1126, 1129 (D. Mont. 2008); *Barron v. Neven*, 2008 WL 5105262, *3 (D. Nev. Nov. 26, 2008); *Hoisington v. Williams*, 2008 WL 4831699, *6 (E.D. Wash. Oct. 30, 2008); *Sanford v. Quinn*, 2008 WL 803141, *1 (W.D. Wash. Mar. 24, 2008); *Hedrick v. Hall*, 2007 WL 2463246, *5 (D. Or. Aug. 27, 2007) (evaluating actual innocence without deciding exception, despite case law in the District of Oregon finding exception); *Hussey v. Blackletter*, 2008 WL 2169528, *3 (D. Or. May 23, 2008) (evaluating actual innocence after finding exception); *Lindley v. Schriro*, 2007 WL 2320535, *1+ (D. Ariz. Aug. 10, 2007); *Perez v. Evans*, 2009 WL 2104853 (C.D. Cal. July 9, 2009) (assessing actual innocence, declining to rule on exception, and not recognizing cases in Central District recognizing exception); *Gerolaga v. Kramer*, 2009 WL 3627940, *5+ (E.D. Cal. Oct. 29, 2009) (assessing actual innocence and not recognizing Eastern District precedent refusing to find such an exception); *Hamilton v. Gonzalez*, 2009 WL 3517612, *5 (N.D. Cal. Oct. 26, 2009) (same); *Brazil v. Curry*, 2008 WL 3925161, *3 (S.D. Cal. Aug. 26, 2008).

[17]We say "at least" because our word search was far from comprehensive. There may be more. *Hurt v. Hedgpeth*, 2009 WL 2767674, *2 (C.D. Cal. Aug. 25, 2009); *Moritz v. Dir. of Cal. Dep't of Corr.*, 2009 WL 2821114, *2 (C.D. Cal. Aug. 25, 2009); *Mendoza v. Adams*, 2009 WL 2485728, *4 (C.D. Cal. Aug. 6, 2009); *Tweedy v. Yates*, 2009 WL 2190173, *2 (C.D. Cal. July 14, 2009); *Johnson v. Martell*, 2009 WL 2045985, *3 (C.D. Cal. July 6, 2009); *Eager v. Hornbeak*, 2009 WL 1810742, *4 (C.D. Cal. June 24, 2009); *Lloyd v. Clay*, 2009 WL 1309472, *2 (C.D. Cal. May 8, 2009); *Guerrero v. Clark*, 2009 WL 1371225, *3 (C.D. Cal. May 7, 2009); *Contreras v. Ollison*, 2009 WL 910337, *3 (C.D. Cal. Mar. 31, 2009); *Jones v. Felker*, 2009 WL 762453, *3 (C.D. Cal. Mar. 20, 2009); *Burgers v. Almager*, 2009 WL 737065, *4 (C.D. Cal. Mar. 18, 2009); *Lopez v. Clark*, 2009 WL 648992, *3 (C.D. Cal. Mar. 6, 2009); *Haney v. Dexter*, 2009 WL 212423, *3 (C.D. Cal. Jan. 27, 2009); *Mitchell v. California*, 2008 WL 4830721, *3 (C.D. Cal. Oct. 30, 2008);

affected us at the circuit level as well, as a cursory search of our cases demonstrates.[18] All of these efforts are for naught if there is no actual innocence exception to the statute of limitations. Since the text of the statute indicates there is not, the federal courts in our circuit are needlessly burdened. We decline to prolong the inevitable recognition that there is no "actual innocence" exception to the one-year statute of limitation for filing an original petition for habeas corpus relief.

V

Accordingly,[19] we **REVERSE** the judgment of the district court and **REMAND** with instructions to **DISMISS** the habeas petition as untimely.

---

*Trevizo v. Knowles*, 2008 WL 4501835, \*2 (C.D. Cal. Oct. 2, 2008); *Padilla v. Tilton*, 2008 WL 4195930, \*3 (C.D. Cal. Sept. 9, 2008); *Valenzuela v. Dexter*, 2008 WL 4195937, \*2 (C.D. Cal. Sept. 9, 2008); *Arrellano v. Curry*, 2008 WL 2502147, \*5 (C.D. Cal. June 20, 2008); *Valdez v. Clark*, 2008 WL 2517152, \*2 (C.D. Cal. June 20, 2008); *Hudson v. Hall*, 2008 WL 2338581, \*3 (C.D. Cal. June 4, 2008); *Bryant v. Yates*, 2008 WL 1330097, \*2 (C.D. Cal. Apr. 9, 2008); *Vu v. Kramer*, 2008 WL 1326687, \*2 (C.D. Cal. Apr. 4, 2008); *Evans v. Hense*, 2008 WL 937973, \*4 (C.D. Cal. Apr. 3, 2008); *Henry v. Hernandez*, 2008 WL 638370, \*2 (C.D. Cal. Mar. 4, 2008).

[18]In all of these cases, our court inquired as to actual innocence on the assumption that such an exception existed. *E.g.*, *Adams v. Harrison*, 266 F. App'x 560 (9th Cir. 2008); *Hartawan v. Gordon*, 265 F. App'x 666 (9th Cir. 2008); *Hundley v. Roe*, 135 F. App'x 55, 56 (9th Cir. 2005); *Liang v. Guirbino*, 99 F. App'x 769, 770 (9th Cir. 2004); *Tarver v. California*, 115 F. App'x 339 (9th Cir. 2004); *Fultcher v. Hatcher*, 63 F. App'x 386 (9th Cir. 2003); *Chaudhary v. Clarke*, 79 F. App'x 952 (9th Cir. 2003); *Holiday v. Mueller*, 51 F. App'x 636 (9th Cir. 2002); *Mark v. Mueller*, 52 F. App'x 884 (9th Cir. 2002); *Smith v. Newland*, 48 F. App'x 233 (9th Cir. 2002).

[19]Because we decide this case on statute of limitations grounds, we need not reach the state's other arguments, including that the district court refused to give AEDPA deference to the state court findings and that Lee did not present any new evidence in the federal evidentiary hearing.

N.R. SMITH, Circuit Judge, concurring in the judgment:

The district court failed to accord the Oregon state courts the deference due them under AEDPA. Under AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)) (internal quotation marks omitted). "Rather, that application must be objectively unreasonable." *Id*. Applying this standard of review to the decisions of the Oregon state courts, Lee has failed to demonstrate an entitlement to habeas relief. Therefore, I concur in the judgment reversing the district court's grant of Lee's petition.

The district court failed to identify where the Oregon state courts issued a decision that was contrary to clearly established Supreme Court precedent. The district court also failed to identify an unreasonable determination of the facts in light of the evidence before the Oregon state courts. Instead, the district found that "AEDPA's usual deferential standard for reviewing state court findings is inapposite, at least when the reliable new evidence casts doubt upon those findings." *Lee v. Lampert*, 607 F. Supp. 2d 1204, 1222 (D. Or. 2009). Such finding was error. First, AEDPA prohibits the district court from holding an evidentiary hearing in order to develop a record for a determination on the merits, except in a few express circumstances, none of which exist here. Second, even if federal courts were allowed to consider this evidence,

the district court's analysis constitutes little more than a questioning of the reason and wisdom of duly appointed Oregon jurors.

The district court failed to make a finding entitling it to accept additional facts for a determination on the merits. Under 28 U.S.C. § 2254(e), a state court determination of a factual issue shall be presumed to be correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id*. Furthermore, a federal court, reviewing a state court conviction in a habeas proceeding, "shall not" conduct a hearing to develop facts as to the merits of a habeas claim, unless the petitioner shows that (a) his claim relies on a new rule of retroactive constitutional law or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and (b) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e).

*Schlup* does not constitute an amendment or an addition to this statute. *In Schlup*, the Supreme Court determined whether a showing of actual innocence excuses a procedural default involving a second or successive petition. It did not address the necessary showing for obtaining habeas relief on grounds of actual innocence. *See Schlup*, 513 U.S. at 314. Thus, *Schlup* provides no authority guiding a court's AEDPA determination of the merits of the petition. Further, *Schlup* should not be read so as to amend the subsequent and clear Congressional language of AEDPA.

The district court discusses no new rule of retroactive constitutional law. The district court does not discuss how any of this "new" evidence establishes, by clear and convincing evidence, the existence of a constitutional error resulting in Lee's conviction. There is no factual predicate that could not have been previously discovered through an exercise of due dili-

gence. Thus, the district court lacked the authority to supplement the record with facts not developed in the state court proceedings.

The district court granted Lee habeas relief on the grounds of ineffective assistance of counsel. To grant such relief, a reviewing court must determine "(1) whether the performance of counsel was so deficient that he was not functioning as 'counsel' as guaranteed under the Sixth Amendment; and (2) whether this deficient performance prejudiced the defendant by depriving him of a fair trial." *United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984)). Without interacting with the Oregon state courts' findings, the federal district court found that Lee had received ineffective assistance and that he was prejudiced by such ineffective assistance. The district court based its prejudice finding on its conclusion that, had the new evidence been presented to the jury, there is a reasonable probability that the result of the proceeding would have been different. *Lee*, 607 F. Supp. 2d at 1226. The district court primarily relied upon two pieces of new evidence: (1) expert testimony regarding the reliability of child witnesses and a critique of the techniques used in this case; and (2) additional details regarding Robert Nachand and the police's investigation of Lee. Neither of these pieces of evidence truly appears to be "new." The jury had evidence before it, at the time of rendering its verdict, that there existed a second molester and that the victim was experiencing some confusion between the second molester and Lee. Lee knew about the unreliability of child testimony and was allowed to explore through examination and argue in closing argument about the victim's confusion between Richard Lee and Robert Nachand. Further, while an Oregon court may have appropriately denied the request, it appears that Lee never even requested to call an expert witness on his behalf to support an argument that the victim's testimony was unreliable. Lee's later presentation of expert testimony to the federal district court does not constitute new evidence; instead, it was further development

of existing evidence. *See Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir. 2003). Thus, the evidence upon which the district court relied in holding that the jury would have changed its verdict, was before the jury. Here, the jury had evidence of the victim's confusion and the second molester before rendering its verdict. We presume the jury to have considered the evidence before it when rendering a verdict. Therefore, the district court erred in holding that Lee was entitled to habeas relief on this ground.

It is not enough that the district court disagreed with the findings of the Oregon state courts. "The question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009) (quoting *Schriro v. Landrigan*, 510 U.S. 465, 473 (2007)). The court must identify a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). No other finding will entitle Lee to habeas relief. Because the district court failed to identify how Oregon's denial of Lee's claims for relief violated one of these standards, I join in the judgment.