FILED

NOT FOR PUBLICATION

DEC 27 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOEL ALCOX,

                Petitioner - Appellant,

  v.

JAMES HARTLEY, Warden, Avenal
State Prison,

                Respondent - Appellee,

  and

PEOPLE OF THE STATE OF
CALIFORNIA, Real Party in Interest,

                Respondent.

No. 09-55825

D.C. No. 2:08-cv-01587-JVS-RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 10, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

_____

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Joel Alcox appeals the district court's dismissal of his habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to § 2253(a). Because Alcox was never afforded an evidentiary hearing as to whether he exercised diligence, and because the district court mistakenly evaluated the wrong time period and erroneously found Alcox offered no reasons for the delay in filing his first petition, we reverse and remand for an evidentiary hearing as to whether Alcox exercised due diligence in pursuing the factual predicate for his habeas claim. *Id.* § 2244(d)(1)(D).

The state courts never addressed whether Alcox exercised due diligence and never held an evidentiary hearing on that question. The district court, also without holding a hearing, improperly concluded that Alcox "took no meaningful action regarding his claim for more than ten years." The district court should have held an evidentiary hearing because where, as here, the facts are in dispute, "a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." *Townsend v. Sain*, 372 U.S. 293, 312–13 (1963), *overruled in part on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).

2

The district court incorrectly faulted Alcox for failing to pursue his claim as early as 1988. However, as the district court recognized, AEDPA was not enacted until 1996, and Alcox was not required to file his federal petition until April 24, 1997. Thus, in analyzing Alcox's diligence, the district court should have examined his activities between 1996 and 2002, when he filed his first state habeas petition.

The district court's conclusion that Alcox "offers absolutely no reason" for his untimely petition is belied by the record. Alcox's opening brief describes habeas counsel's lengthy investigation to track down alibi witnesses, most of whom had moved out of state. Alcox explained that he was imprisoned and destitute, and that until he obtained volunteer counsel and an investigator, it would not have been reasonable to have expected him to undertake such a daunting, comprehensive investigation from his prison cell. Contrary to the district court's conclusion, Alcox's incarcerated status, the ban against contacting other prisoners directly, his lack of resources, and his utter lack of any outside support are all factors relevant to the due diligence inquiry. *See Souliotes v. Evans*, 622 F.3d 1173, 1175, 1178 (9th Cir. 2010) (the "due diligence requirement is an objective standard that considers the petitioner's specific situation," and it "does not require

3

that petitioners exercise the maximum diligence possible . . . but only 'due' or 'reasonable' diligence").

The district court's conclusion that Alcox "took no meaningful action . . . until March 1999," when his relatives began to seek habeas counsel, is also contradicted by the record. Alcox did not know the identity of his biological relatives when he was incarcerated. These relatives were the people who sought habeas counsel in 1999; therefore, Alcox must have taken steps to locate them and work with them to obtain counsel before 1999.

Alcox's argument that his actual innocence claim equitably tolls the AEDPA statute of limitations is foreclosed by our decision in *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010).

**REVERSED** and **REMANDED** with instructions to hold an evidentiary hearing on the due diligence issue.

4

*Alcox v. Hartley*, No. 09-55825
IKUTA, Circuit Judge, concurring in part and dissenting in part:

While I concur that Alcox's equitable tolling argument is foreclosed, I disagree that Alcox is entitled to an evidentiary hearing, because he has not alleged "facts which, if proved, would entitle him to" statutory tolling. *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992); *see Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006). First, Alcox has not adequately alleged the exercise of due diligence: an inmate's status as "imprisoned[,] destitute," and without familial support, Maj. Op. at 3, cannot by itself permit that inmate to sit idle for well over a decade before taking any action on his federal claims, *see* 28 U.S.C. § 2244(d)(1)(D), particularly where, as here, Alcox was able to conduct diligent research to find his biological family. Moreover, Alcox knew at the time of trial the factual predicates for his claim that his counsel failed to investigate his alibi and jailhouse statements. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).

Second, Alcox has not adequately alleged a factual predicate for his ineffective assistance of counsel claims regarding Carolina Gonzales and the additional motel witnesses. Even if his attorney's investigation of these witnesses was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), there was no

-1-

prejudice:  impeaching Gonzales's testimony would have been fruitless, since it was consistent with Alcox's own account at trial, and the testimony of witnesses who allegedly heard the victim utter "Sanjay" before his death would have been cumulative of other evidence at trial.

Therefore, I respectfully dissent from the grant of an evidentiary hearing.