**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE SOULIOTES,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>MIKE EVANS, Warden; ANTHONY HEDGPETH, Warden,<br><br>    Respondents - Appellees. | No. 08-15943<br><br>D.C. No. 1:06-cv-00667-OWW-WMW<br><br>ORDER |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted February 12, 2010
San Francisco, California

Before: McKEOWN and BERZON,[*] Circuit Judges, and ZILLY,[**] Senior District Judge.

Petitioner George Souliotes, who is now over seventy years old, is currently serving a life sentence in California's custody for three murders by arson that he

---

[*] Due to the death of Judge Cynthia Holcomb Hall, Judge Marsha S. Berzon, United States Circuit Judge for the Ninth Circuit, was drawn to replace her.

[**] The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

claims he did not commit. At trial, "the prosecution relied heavily on scientific evidence indicating that a liquid was used to ignite the fire. After the fire, this liquid left residues of medium petroleum distillates ('MPDs') at the scene. A prosecution witness testified that Souliotes's shoes also contained MPDs." Souliotes v. Evans, 622 F.3d 1173, 1176 (9th Cir. 2010). Approximately eight years after Souliotes's conviction, a chemist and arson investigator, John Lentini, using scientific techniques unavailable at the time of Souliotes's trial, was able to distinguish between the MPDs found on Souliotes's shoes and the MPDs from the crime scene. Souliotes presented this MPD evidence in a petition for writ of habeas corpus. The habeas petition was eventually dismissed by the district court as untimely filed.

In September 2010, we held that the district court applied an incorrect diligence standard under 28 U.S.C. § 2244(d)(1)(D), one of the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") that triggers the one-year limitations period for filing a habeas petition. Souliotes, 622 F.3d at 1178-79. The Court further concluded that an evidentiary hearing is necessary to determine when the scientific techniques at issue were developed and would have been available to an inmate like Souliotes. Id. Finally, the Court rejected Souliotes's claims under the doctrine of equitable tolling and under the "actual

2

innocence" or "miscarriage of justice" gateway.  Id. at 1181; see also Schlup v. Delo, 513 U.S. 298 (1995).  With respect to the latter issue, the Court relied on Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2010).

A majority of nonrecused active judges of this Court recently voted to rehear the Lee case en banc.  Although the outcome in Lee upon rehearing en banc may affect the scope of Souliotes's habeas claims on remand, the result in Lee will not alter the need for an evidentiary hearing concerning when Souliotes could have discovered the new evidence at issue.  The Court is mindful of the amount of time that has elapsed since Souliotes filed his habeas petition.  The Court is also aware that Souliotes is no longer a young man and that, for him to have a meaningful right to habeas review, the timing of proceedings is significant.  Thus, while awaiting an en banc opinion in Lee, we remand this case to the district court for the limited purpose of conducting an expedited evidentiary hearing to determine when an inmate in Souliotes's position could have discovered, through the exercise of due diligence, the new MPD evidence.  See Nash v. Ryan, 581 F.3d 1048, 1058 (9th Cir. 2009) (ordering a limited remand to allow the district court to make a factual determination); Friery v. L.A. Unified Sch. Dist., 448 F.3d 1146, 1150 (9th Cir. 2006) (same).  The parties shall advise the Court when the evidentiary hearing

has concluded and the district court has entered findings of fact and conclusions of law.

We therefore grant a limited remand for the district court to conduct further proceedings consistent with this order.

**REMANDED.**