FILED

MAR 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO C. ISRAEL, | No. 10-17458 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00113-RCJ-RAM |
| v. | |
| GREGORY SMITH and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted March 12, 2012
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Hugo Israel Cahuec ("Israel") appeals the district court's dismissal of his

habeas corpus petition as untimely.

Israel asserts that his actual innocence excuses his untimely petition. The

district court dismissed this argument as foreclosed by *Lee v. Lampert* (*Lee I*), 610

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

F.3d 1125 (9th Cir. 2010). The panel opinion in *Lee I* is no longer circuit precedent, *see* 9th Cir. R. 35-3, and was superseded by the en banc opinion issued in *Lee v. Lampert* (*Lee II*), 653 F.3d 929, 932 (9th Cir. 2011) (en banc), which recognized an equitable exception to the AEDPA's limitations period based on a credible showing of actual innocence. "An actual innocence exception to the limitations provisions does not foster abuse or delay, but instead recognizes that in extraordinary cases, the societal interests of finality, comity, and conserving judicial resources must yield to the imperative of correcting a fundamentally unjust incarceration." *Lee II* at 935 (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986)) (internal quotation marks omitted). Israel is entitled to an opportunity to make a credible showing of actual innocence.

Israel's other argument for tolling – his alleged inability to obtain language assistance – fails. He was able to get such assistance in filing a state petition. No reason appears why he could not have done as much to file a federal petition.

Israel's motion to file a supplemental reply brief is GRANTED.

We **REVERSE** the district court's dismissal for untimeliness and **REMAND** for a determination of actual innocence under *Lee II*, 653 F.3d 929.