**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY RAY WILLIAMS, | No. 11-15397 |
| Petitioner - Appellant, | D.C. No. 1:03-CV-05819-JMD |
| v. | |
| J. TIM OCHOA, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the U.S. District Court for the Eastern District of California
John M. Dixon, Junior, Magistrate Judge, Presiding

Submitted October 8, 2013[**]
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA Circuit Judges.

Tommy Ray Williams ("Williams") appeals the dismissal of his petition for

writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C.

§§ 1291 and 2253. We affirm in part, reverse in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not clearly err in finding that Williams was aware of the factual predicate for his claim before he pled guilty. Thus, the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) began to run at the conclusion of direct review, and not when Williams received his file from trial counsel. 28 U.S.C. § 2244(d)(1). Therefore, the district court properly concluded that Williams' petition was filed outside the one-year statute of limitations and that Williams is not entitled to tolling under § 2244(d)(1)(D) because he knew the factual predicate of his claim when he pled guilty. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Nor is he entitled to equitable tolling because, given his awareness of the factual predicate of his claim, Williams' inability to access the autopsy report did not cause the untimeliness of his petition. *See Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009).

The district court concluded that an actual innocence exception to the statute of limitations did not exist, relying on *Lee v. Lampart*, 610 F.3d 1125, 1128–31 (9th Cir. 2010). Post-judgment, the Supreme Court decided *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1925 (2013), which held that such an exception does in fact exist. We therefore reverse the district court and remand for a determination of whether Williams' actual innocence claim meets the standard set forth in

*McQuiggin* so that he is entitled to an exception to the expiration of the AEDPA statute of limitations.

**AFFIRMED in part; REVERSED in part; REMANDED.**