**Dean Evan FERGUSON, Petitioner–Appellant,**

v.

**Joan PALMATEER, Superintendent Oregon State Penitentiary, Respondent–Appellee.**

No. 01–36143.

United States Court of Appeals, · Ninth Circuit.

Argued and Submitted Jan. 9, 2003.

Filed Feb. 28, 2003.

---

Christine Stebbins Dahl, Assistant Federal Defender, Portland, OR, for Petitioner–Appellant.

Jennifer S. Lloyd, Asst. Attorney General, Salem, OR, for Respondent–Appellee.

822

Before: WALLACE, TROTT and TASHIMA, Circuit Judges.

## OPINION

WALLACE, Senior Circuit Judge.

Ferguson, an Oregon prisoner, filed a petition for habeas corpus relief, raising claims of ineffective assistance of counsel and prosecutorial misconduct. The district court dismissed his petition as time barred. Ferguson argues that the federal one-year statute of limitations should be extended to allow full application of Oregon's two-year statute of limitations. The district court had jurisdiction under 28 U.S.C. §§ 2241, 2254. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 2253. We affirm.

### I.

■ Ferguson pled guilty to two counts of sodomy in the second degree, two counts of unlawful delivery of a controlled substance to a minor, and one count of sexual abuse in the first degree. On August 4, 1995, Ferguson's state convictions became final. OR. REV. STAT. § 138.510(3)(a). The Antiterrorism and Effective Death Penalty Act (AEDPA) one-year grace period ended on April 24, 1997. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). On July 29, 1997, Ferguson filed his petition for state post-conviction relief, within Oregon's two-year statute of limitations, OR. REV. STAT. § 138.510(3), but beyond AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Relief was denied and the Oregon Supreme Court denied review on January 18, 2000. Five months later, Ferguson filed his federal petition, which the district court dismissed as untimely. The district court issued a certificate of appealability as to whether 28 U.S.C. § 2244(d)(1) time bars this petition. We review de novo the district court's dismiss-al of a federal habeas petition on statute of limitations grounds. *Malcom v. Payne,* 281 F.3d 951, 955–56 (9th Cir.2002).

### II.

■ Ferguson argues that the district court's application of the literal terms of section 2244(d)(1) violates the Suspension Clause. U.S. CONST. art. I, § 9, cl. 2. ("The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). Legislation violates the Suspension Clause if it renders the habeas corpus statute "inadequate or ineffective" to test the legality of Ferguson's detention. *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). Ferguson argues that section 2244(d)(1) unconstitutionally suspends the writ because it departs from the evolving body of equitable habeas principles. *See Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (holding that the added restrictions on second habeas petitions are "well within the compass of this evolutionary process" and do not amount to a suspension of the writ).

Prior habeas jurisprudence required a showing of prejudice to dismiss a petition as untimely. *Lonchar v. Thomas,* 517 U.S. 314, 326–27, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) (discussing Habeas Corpus Rule 9(a)). Later, 28 U.S.C. § 2244(d)(1) abandoned this prejudice requirement by adopting a one-year statute of limitations that runs irrespective of prejudice. Ferguson argues that to avoid a Suspension Clause violation, we must add a prejudice requirement to section 2244(d)(1). He further observes that here, unlike many other cases, the state was not prejudiced by Ferguson's timing because it announced by statute that its interests in finality are

protected by a two-year limitations period. OR. REV. STAT. § 138.510(3).

■ As we have previously held, section 2244(d)(1) is not a per se violation of the Suspension Clause. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000). Its one-year limitations period leaves petitioners with a reasonable opportunity to have their federal claims heard. Oregon's prejudice, or lack thereof, has no bearing on whether the one-year statute of limitations renders federal habeas relief inadequate or ineffective. Ferguson is still able to seek federal relief, and the one-year limitations period is just that: a limitation, not a suspension.

■ Ferguson argues that the literal wording of section 2244(d)(1) creates a "trap" for Oregon prisoners who avail themselves of state remedies in a timely fashion, only to find themselves barred from federal court. He argues,"[a] rule of law that advances an interest in finality that the state has eschewed strikes the wrong balance with principles of federalism and comity." After all, what Oregon prisoner would take advantage of the two years that Oregon permits, since federal courts will give him only one year?

This argument fails for multiple reasons. First, there is no "trap." It is unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than the AEDPA's statute of limitations. *See Green*, 223 F.3d at 1003 (unreasonable reliance on distinguishable case does not justify equitable tolling). Second, every Oregon prisoner is free to use the full two years of Oregon's longer statute of limitations. If, however, he also seeks federal relief, he must conform his petition to the federal rules. The federal statute of limitations does not diminish the right of Oregon prisoners to get state relief; it only affects their right to secure federal relief. Third, Ferguson's argument, if accepted, would create substantial problems. How would it be fair if Oregon prisoners got more time to file federal petitions than other state prisoners? What if a state had no statute of limitations? Could the prisoner bring a federal habeas petition fifty years after his conviction? A hundred years? What of federal interests in finality?

■ AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy. Our conclusion is buttressed by out sister circuit's decision in *Tinker v. Moore*, 255 F.3d 1331 (11th Cir.2001). Like Ferguson, Tinker filed his state petition after the expiration of AEDPA's one-year period, but before the expiration of the state limitations period. *Id.* at 1333. Like the Eleventh Circuit, we hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed. *Id.*

■ Finally, Ferguson asks us to apply the constitutional doubts canon to interpret section 2244(d)(1) to include a prejudice requirement or some other equitable exception. If a statute is fairly susceptible of two constructions, one of which leads the court to doubt gravely the statute's constitutionality, then we must adopt the construction that avoids the serious constitutional problem. *Almendarez–Torres v. United States*, 523 U.S. 224, 238–39, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). But there is no serious constitutional problem, nor even a reasonable possibility that the statute can be read as Ferguson would like. Thus, the choice is not before us.

AFFIRMED.