Michael GLOVER, Petitioner—Appellant,

v.

Robert O. LAMPERT, Superintendent, Snake River Correctional Institution, Respondent—Appellee.

No. 02–35581.

D.C. No. CV–00–00680–MFM.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before BROWNING, PREGERSON, and REINHARDT, Circuit Judges.

## MEMORANDUM**

Oregon prisoner Michael Glover appeals the dismissal of his federal habeas corpus petition as time-barred. Glover filed a state habeas petition after the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period had run, but before the expiration of Oregon's two-year limitations period. He argues that the AEDPA's limitations period should have been extended to allow full application of Oregon's two-year statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm because Glover's argument is foreclosed by our

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.
* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

recent decision in *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[E]very Oregon prisoner is free to use the full two years of Oregon's longer statute of limitations. If, however, he also seeks federal relief, he must conform his petition to the federal rules.").

Glover also argues that the running of the AEDPA's statute of limitations should have been tolled because his attorney failed to appeal the denial of his state habeas petition. We do not need to resolve this issue because the AEDPA's one-year statute of limitations had run before Glover filed his state habeas petition. Thus, even if Glover's attorney had appealed the denial of his state habeas petition, his federal petition would still be time-barred by the AEDPA's limitations period.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.