**Dennis Everett WILLIAMS,**
**Petitioner–Appellant,**

v.

**Mark SHEPERD; Bill Lockyer,**
**Respondents–Appellees.**

No. 05–17315.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2007.*

Filed June 27, 2007.

Fay Arfa, Esq., A Law Corporation, Los Angeles, CA, Dennis Everett Williams, Oakland, CA, for Petitioner–Appellant.

Brian Means, Tami M. Warwick, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee, Mark Sheperd.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM [**]

California state prisoner Dennis Everett Williams ("Williams") appeals the dismissal of his habeas corpus petition challenging his 2002 conviction and sentence as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. Williams does not dispute that his petition was untimely but argues that he is entitled to equitable tolling because, despite his diligence, extraordinary circumstances prevented his timely filing. We have jurisdiction under 28 U.S.C. § 2253(c)(3) and affirm.

Because his conviction and sentence became final on March 19, 2002, Williams had until March 20, 2003 to file his federal habeas petition. But he did not file his petition until November 15, 2004, nearly 32 months after his California judgment became final and 20 months after the AEDPA deadline passed. As such, unless he is entitled to equitable tolling,[1] Williams's petition was correctly dismissed as untimely.

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and is appropriate only if Williams can show (1) diligent pursuit of his rights, and (2) some extraordinary circumstance preventing his timely filing, *Lawrence v. Florida*, —— U.S. ——, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). Williams is unable to meet either prerequisite.

■ Between March 19, 2002 and March 20, 2003, Williams made only sporadic and minimal efforts to obtain his case materials [2] and did not formally challenge his allegedly limited library access with prison authorities. As such, Williams was not "diligent" in the pursuit of his rights. *Cf. Roy v. Lampert*, 465 F.3d 964, 970–73 (9th Cir.2006).

■ Even if Williams had been "diligent" in the pursuit of his rights, his alleged lack of access to his case materials and the prison library would not constitute an extraordinary circumstance in this case because the facts relevant to his habeas claims were not contained in the trial record—i.e., evidence of his counsel's alleged failure to investigate and his coerced guilty plea [3]—and, despite his contentions other-

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Williams does not request, and is not eligible for, statutory tolling of AEDPA's deadline because he does not contend that the state imposed an impediment to his timely filing, 28 U.S.C. § 2244(d)(1)(B), and he did not pursue post-conviction relief in state court until after the expiration of AEDPA's deadline, *see Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003).

2. In September 2002, Williams filed an "Inmate Request for Review," requesting various police and prison reports. The prison responded promptly, informing Williams of his limited funds available for copies, requesting he specify which pages he wanted copied, and suggesting that he contact local agencies for

various documents. Williams did not follow up on the prison's requests or suggestions.

Williams's only other "attempts" to obtain his case materials prior to the expiration of the AEDPA deadline—i.e. his February and March 2002 requests to counsel and his February 2003 motion for the trial transcripts in state court—are uncorroborated by the record. Although Williams contends he filed his motion for transcripts in February 2003, prison records indicate it was not mailed until March 24, 2003, several days after the AEDPA deadline, and the state court did not log it until April 2, 2003. In any event, such minimal efforts over a one-year period fall short of "diligence."

3. To the extent such evidence was likely to be found in his counsel's records, as discussed above, Williams alleges that he attempted to

wise, Williams undeniably had access to the prison library. In short, Williams had access to the relevant facts and relevant law at all relevant times, but simply failed to timely pursue his habeas remedies. *Cf. Roy,* 465 F.3d at 973–75; *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147–48 (9th Cir. 2000) (en banc).

Because he has failed to demonstrate his diligence and the presence of an extraordinary circumstance preventing his timely filing, Williams is not entitled to equitable tolling (or an evidentiary hearing regarding equitable tolling). His habeas petition was therefore untimely, and the district court is **AFFIRMED**.

---

obtain such records in February and March 2002, around the time his conviction became final, but apparently did not make any additional attempts until June and October 2004, well after the AEDPA deadline.

In any event, Williams apparently did not require these additional case materials prior to filing habeas, as demonstrated by his state petitions filed in October 2003, February 2004, and April 2004, all of which occurred before he received a copy of his case materials from the public defender's office (or his trial counsel).

