MEMORANDUM **
*916 Petitioner-Appellant Ayanna Green appeals the district court’s dismissal of her federal habeas corpus petition as untimely. We affirm. .
■“A litigant seeking equitable tolling of the one-year AEDPA limitations period bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way.” Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir.2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (internal alternations omitted).
Green’s allegations to the district court that she made repeated attempts to collect her police reports and legal file both before and after the statute of limitations expired, liberally construed and taken as true, .sufficiently establish that she pursued her rights diligently. See Roy v. Lampert, 465 F.3d 964, 970 (9th Cir.2006); United States v. Battles, 362 F.3d 1195, 1197-98 (9th Cir.2004).
Nevertheless, Green has failed adequately to demonstrate how the missing transcripts and police reports, which she did not possess until June and October 2003, respectively, were necessary to her habeas petition such that their absence constituted an extraordinary circumstance preventing her from filing. While Green made vague assertions regarding the imperative nature of the missing documents and the impossibility of filing in their- absence, she provided no concrete examples of the kind of information she was seeking—and ultimately obtained—from those documents. Green was personally present during her trial and received a significant portion of her appellate legal file shortly after the conclusion of direct review. She did not explain why her direct knowledge and the documents in the appellate legal file were not sufficient for the purpose of preparing a habeas petition.
Green initiated her first state habe-as petition in California Superior Court on December 26, 2003, more than a year after AEDPA’s statute of limitations expired on September 18, 2002. “[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.” Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003). Therefore, Green is not entitled to statutory tolling during the pendency of her state habeas proceedings in California Superior Court and the California Court of Appeal, nor is she eligible for equitable tolling while her final state petition was pending in the California Supreme Court.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.