**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVY KELVIN POUGH, | No. 09-56644 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-01776-BTM |
| v. | |
| JOHN MARSHALL, Warden; MATTHEW CATE, Director, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Davy Kelvin Pough appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Pough first contends that he is entitled to equitable tolling. However, Pough has failed to establish that his petition was untimely because of "extraordinary circumstances" beyond his control. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The district court did not abuse its discretion in denying Pough an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007).

Pough also contends that he is entitled to statutory tolling. This argument fails because his state court habeas petitions were filed either before the limitations period began or after it had expired. No state court petition was pending during the time the federal habeas statute of limitations was running. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (a state petition does not reinitiate a limitations period that ended before the petition was filed).

Pough's motion to amend his opening brief for clarity, filed on September 28, 2011, is denied. Pough's notice of motion for release on his own recognizance pending appeal, filed on November 4, 2011, is denied as moot.

**AFFIRMED**.

09-56644