**NOT FOR PUBLICATION**

MAR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES PATRICK GRIFFIN, Jr., | No. 11-15387 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00354-GEB-KJN |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted March 15, 2012[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the District of Western Washington, sitting by designation.

James Patrick Griffin appeals the district court's dismissal of his federal petition for writ of habeas corpus as untimely. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

On February 10, 1982, Griffin entered a guilty plea, against the advice of his attorney, to first degree murder. Griffin was sentenced to an indeterminate term of twenty-five years to life. He did not file an appeal; therefore, his conviction became final sixty days later on April 11, 1982.

In 1993, Herb Sokol, a volunteer lay chaplain and pastor, hired attorney Charles Bonneau to research whether Griffin could file a petition for habeas corpus based on the claim that Griffin was not competent at the time he entered his plea. In August 1993, Griffin received a letter from Bonneau, advising that Griffin had a claim for habeas relief but that it would cost Griffin $4,000 for the petition and $2,000 to hire a psychiatrist. Griffin indicated, in a March 2008 declaration, that "[n]o petition was filed at that time because [he] did not have sufficient funds to hire the attorney."

Approximately twenty-five years after his judgment became final (and approximately fourteen years after receiving the letter from Bonneau), on August

2

17, 2007, Griffin filed his first state habeas petition attacking his conviction. The petition was based on an examination by Dr. Howard Terrell, a forensic science psychiatrist, who found Griffin to be mentally incompetent at the time he entered his plea and at the time of sentencing. While Dr. Terrell also noted subsequent issues relating to Griffin's mental health, his opinion did not assert that Griffin was mentally incompetent from 1982 until the time he filed his federal habeas petition. The California Court of Appeals denied relief on August 27, 2007.

Griffin then filed a habeas petition on September 13, 2007, in Solano County Superior Court, which denied the petition as untimely and on the merits on November 29, 2007. On April 7, 2008, Griffin filed another habeas petition in the California Court of Appeal, which denied relief. The California Supreme Court denied relief on October 22, 2009. Griffin filed his first federal habeas petition on February 10, 2010. The petition at issue on appeal is Griffin's second amended habeas petition filed on May 10, 2010.

The district court found that the factual predicate for Griffin's claim was known to Griffin at least as of 1993 when he received the letter from Bonneau and therefore held that Griffin's federal habeas petition was untimely. Although pendency of a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), tolls the Antiterrorism and Effective

3

Death Penalty Act's one-year statute of limitation, Griffin did not make a state filing until August 17, 2007. Consequently, his federal habeas petition filed in May 2010 was untimely. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) does not permit the reinitiation of a federal limitations period that has ended before the state petition was filed).

Griffin's argument that he could not have discovered the factual predicate for his claim before the issuance of Dr. Terrell's report on December 4, 2006, is belied by Griffin's receipt of Bonneau's 1993 letter. In addition, the competence issue was raised at least three times during the 1982 plea proceedings. However, even giving Griffin the benefit of the doubt and commencing the one-year statute of limitations on December 4, 2006, his May 2010 federal filing would still be untimely. His August 2007 state filing would have tolled the statute for 10 days, extending his limitations period to December 14, 2007. The September 2007 state petition would not have further tolled the limitations period because that petition was deemed untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (holding that when a post-conviction petition is untimely under state law, it is not "properly filed" for the purposes of § 2244(d)(2) tolling). Griffin did not file another state petition until April 7, 2008, at which time the limitations period for filing his federal habeas petition had already expired. Even under Griffin's

calculation, Griffin's federal petition is untimely and not entitled to statutory tolling.

Finally, Griffin is not entitled to equitable tolling since he does not demonstrate how any mental illness prevented him from filing a federal habeas petition from the time his conviction became final until he ultimately filed a petition in May 2010. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." (citation omitted)). The district court's dismissal is further supported by Griffin's 2008 declaration, which indicated that he did not seek relief because of lack of funding, rather than due to mental incompetence.

**AFFIRMED.**