**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES GLENN NORMAN, Jr., | No. 12-15615 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-02235-MCE |
| v. | |
| JOHN DOVEY; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

California state prisoner Charles Glenn Norman, Jr., appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as

untimely.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Norman does not dispute on appeal the district court's determination that his petition was untimely. Even if this issue were not waived by Norman's failure to brief it, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), the record supports the district court's conclusion. Norman's petition was filed beyond AEDPA's limitations period, and he is not entitled to either equitable or statutory tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (equitable tolling available where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (internal quotations omitted); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

We construe Norman's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**