FILED

OCT 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE DAVID STRINGER, | No. 11-16009 |
| Petitioner - Appellant, | D.C. No. 2:09-CV-02980-GEB-EFB |
| v. | |
| ELVIN VALENZUELA, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Junior, Senior District Judge, Presiding

Argued and Submitted October 8, 2013
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Lonnie David Stringer ("Stringer") appeals the dismissal of his federal

habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

and 2253. We affirm in part, reverse in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court correctly concluded that Stringer was not entitled to statutory tolling. The state court's determination that his January 5, 2006 state petition was timely did not toll the one year statute of limitations applicable to Stringer's federal habeas petition. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2009).

The district court also concluded correctly that the federal statute of limitations began to run well before Stringer discovered additional facts in support of a third party culpability defense in 2004 or 2005. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). The record is clear that Stringer was aware of the existence of a third party culpability defense at the time of his trial in 1996, and the federal statute of limitations therefore started when his conviction became final. 28 U.S.C. § 2244(d)(1).

Additionally, the district court concluded correctly that Stringer is not entitled to equitable tolling. Stringer has failed to show reasonable diligence in pursuing his rights. *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citing *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2563 (2010)). His current counsel took over the case in 2003 and was aware of and working on developing a federal habeas claim no later than 2004. However, Stringer did not file a petition until January 5, 2006.

The district court did not consider whether Stringer's claim of actual innocence would have excused the untimely filing of his federal habeas petition. We remand for a determination of whether Stringer meets the actual innocence exception to the federal one-year statute of limitations. *McQuiggins v. Perkins*, — U.S. —, 133 S.Ct. 1924 (2013).

**AFFIRMED in part; REVERSED in part; REMANDED.**