**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUGO APARICIO,

                     Petitioner-Appellant,

          v.

RENEE BAKER; et al.,

                     Respondents-Appellees.

No. 12-15916

D.C. No. 3:07-cv-00427-LRH-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 10, 2013[**]
San Francisco, California

Before: WALLACE, M. SMITH, and IKUTA, Circuit Judges.

Hugo Aparicio appeals from the district court's judgment denying his

petition for a writ of habeas corpus on the ground that it was untimely pursuant to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d).

We reject Aparicio's argument that the one-year limitations period in which to petition for a writ based on ineffective assistance of counsel begins to run at the conclusion of proceedings regarding a prisoner's first state post-conviction relief in states that do not permit such claims to be raised on direct review. This argument fails because 28 U.S.C. § 2244(d) does not provide for any such exception to the statute of limitations. *See also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes final and the filing of a state habeas petition is not tolled."). Aparicio's untimely second state petition for post-conviction relief did not toll the statute of limitations, because the federal limitations period already had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Aparicio cannot excuse his failure to file his federal habeas petition within the limitations period on the ground that he first needed to exhaust his state claims in a second state petition, because habeas petitioners may file a protective federal petition and then seek to exhaust their state claims after obtaining a stay and abeyance from the district court. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). To the extent Aparicio argues in his reply brief that the one-year limitations period should be equitably tolled, he has waived the argument

2

by failing to raise it in his opening brief. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**AFFIRMED.**