**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS JASON MILAM, AKA Thomas J. Milam, *Petitioner-Appellant*, <br><br> v. <br><br> KELLY HARRINGTON, Warden, *Respondent-Appellee.* | No. 19-55213 <br><br> D.C. No. 2:11-cv-04745-JAK-MRW <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted March 4, 2020
Pasadena, California

Filed March 25, 2020

Before: A. Wallace Tashima, Andrew D. Hurwitz,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Hurwitz

# SUMMARY[*]

## Habeas Corpus

The panel vacated the district court's judgment dismissing California state prisoner Thomas Milam's habeas corpus petition as untimely, and remanded for further proceedings.

The panel held that the district court erred by categorically concluding that Milam's retention of counsel meant that his claimed severe mental illness could not have been an extraordinary circumstance that prevented him from complying with AEDPA's time limits. The panel explained that if Milam's impairment prevented the monitoring of his state habeas lawyer, and if monitoring would have prevented state habeas counsel from waiting so long between filings, Milam's impairment could have been a but-for cause of the untimely filing.

The panel also held that the district court applied the wrong legal standard in evaluating whether state habeas counsel's misconduct supported equitable tolling. Because the district court erroneously thought that true abandonment by counsel was required, it did not consider whether counsel's misconduct qualified as an extraordinary circumstance under all the facts of the case.

The panel remanded for the appropriate analysis.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael T. Drake (argued), Deputy Federal Public Defender; Amy M. Karlin, Federal Public Defender; Federal Public Defender's Office, Los Angeles, California; for Petitioner-Appellant.

Shira Seigle Markovich (argued), Deputy Attorney General; Stephanie C. Brenan, Supervising Deputy Attorney General; Lance E. Winters, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, Los Angeles, California; for Respondent-Appellee.

**OPINION**

HURWITZ, Circuit Judge:

Thomas Milam's family retained counsel to represent Milam in his state habeas corpus proceedings. That lawyer filed three unsuccessful petitions in the California courts, but the long delays between the filings left Milam ineligible to claim statutory tolling for much of the one-year statute of limitations for filing a 28 U.S.C. § 2254 habeas petition. When Milam filed his federal petition, the state objected to it as untimely, and Milam sought equitable tolling, claiming both severe mental impairment and that state habeas counsel's misconduct caused the untimely federal filing. The district court concluded that because Milam was represented by retained counsel during the state habeas process, any mental impairment during that period was "irrelevant" to equitable tolling. And the district court concluded that any misconduct of state habeas counsel did not warrant equitable tolling because it did not amount to "abandonment."

We hold that the district court erred in its refusal to consider whether Milam's claimed impairment was the cause of the untimeliness of the federal filing, despite his representation by state habeas counsel, and that the district court applied the wrong legal standard in evaluating whether state habeas counsel's misconduct supported equitable tolling. We therefore vacate the district court's dismissal of the § 2254 petition and remand for further proceedings.

# I

Milam is serving a life sentence for various California state convictions, all of which became final on July 29, 2008. In August 2007, Milam's mother hired an attorney to represent him in state habeas proceedings. That attorney filed Milam's first state petition for habeas corpus in Los Angeles Superior Court on October 15, 2008, 78 days after Milam's conviction became final. The petition was denied on the merits on December 22, 2008. On August 11, 2009—232 days later—the state habeas lawyer filed an "essentially identical" second habeas petition with the California Court of Appeal. That petition was denied on the merits on September 9, 2009. On December 14, 2009—96 days later—the state habeas lawyer filed another "essentially identical" habeas petition in the California Supreme Court, which summarily denied it on June 23, 2010. The delay between the state filings left Milam ineligible for statutory "gap tolling" of the one-year federal statute of limitations under 28 U.S.C. § 2244(d)(2) for the period after the denial of the Superior Court petition. *See Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014).[1]

---

[1] Moreover, Milam's state supreme court petition could not give rise to statutory tolling because it was filed after the one-year federal deadline

In February 2011, Milam's family retained new counsel to represent him in federal habeas proceedings. That attorney filed a § 2254 petition on June 3, 2011, 1039 days after Milam's state convictions had become final. The state moved to dismiss the motion as untimely under 28 U.S.C. § 2244(d)(1). Milam's federal habeas counsel did not file an opposition, and the petition was dismissed in May 2012.

In 2018, the district court granted Milam relief from the 2012 judgment under Federal Rule of Civil Procedure Rule 60(b), citing "strong proof of attorney abandonment by the Federal Habeas Lawyer."[2] Milam then sought equitable tolling for the period between the denial of his first state habeas petition and retention of federal counsel, claiming that during this period "his mental impairment combined with the ineffective assistance of his [state habeas] counsel made it impossible to meet the filing deadline for his federal habeas petition."[3] Milam submitted an expert report opining that Milam did not know at any relevant time what was required for a timely habeas filing. The expert further opined:

> Even with the assistance of others, [Milam] does not possess the capacity to understand what is required of him. He would be entirely

---

had passed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

[2] Federal habeas counsel has since been disbarred.

[3] Milam does not seek, nor is he entitled to, equitable tolling for the period between the dates his state convictions became final and his first state habeas petition was filed. There is no dispute that Milam qualifies for statutory tolling for the 68-day period during which his first state habeas petition was pending.

dependent on others to act on his behalf to review, understand, complete and submit the necessary legal paperwork.

A magistrate judge issued an order suggesting that Milam's "mental health issues [were] irrelevant to the equitable tolling *because* Petitioner was represented by an attorney during his incarceration." But the magistrate judge asked for supplemental briefing about whether the state attorney's "role in the state habeas proceedings could properly constitute attorney abandonment under Ninth Circuit law." After receiving that briefing, the magistrate judge recommended denial of equitable tolling. He again stated that "proof of Petitioner's mental and psychological problems is irrelevant to this analysis," because retaining "a lawyer to represent him in state court habeas proceedings meant that his developmental issues were no impediment to pursuing habeas relief." And, the judge recommended that because the state habeas lawyer's misconduct was not "true 'abandonment' under Supreme Court and Ninth Circuit authority," it could not support equitable tolling. The district court adopted the magistrate judge's report and recommendation and dismissed Milam's petition as untimely, but granted a certificate of appealability.

## II

"The dismissal of a petition for writ of habeas corpus as time-barred is reviewed de novo." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo. Otherwise, findings of fact made by the district court are to be reviewed for clear error." *Id.* (citation omitted).

**III**

"A habeas petitioner is 'entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This "exercise of a court's equity powers must be made on a case-by-case basis" and "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50 (cleaned up). The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In seeking equitable tolling, Milam contended that his late federal filing was caused by mental impairment and attorney misconduct. The district court deemed Milam's mental impairment "irrelevant" because he had counsel during the state habeas proceedings. It also concluded that state habeas counsel's misconduct could not support equitable tolling because it fell short of "abandonment." The district made two errors of law in that analysis.

**A**

To obtain equitable tolling because of mental impairment:

(1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either

>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

> (2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (cleaned up). Equitable tolling for a mental impairment does not "require a literal impossibility," but instead only "a showing that the mental impairment was 'a but-for cause of any delay.'" *Forbess v. Franke*, 749 F.3d 837, 841 (9th Cir. 2014) (quoting *Bills*, 628 F.3d at 1100).

The "availability of assistance is an important element to a court's diligence analysis," but we have stressed that it is only "part of the overall assessment of the totality of circumstances that goes into the equitable determination." *Bills*, 628 F.3d at 1101. Even when legal assistance is available, "a petitioner's mental impairment might justify equitable tolling if it interferes with the ability . . . to cooperate with or monitor assistance the petitioner does secure." *Id.* at 1100.

The district court erred by categorically concluding that Milam's retention of counsel meant that his "mental illness could *not* have been an extraordinary circumstance that

prevented him from complying with AEDPA's time limits." As *Bills* expressly notes, equitable tolling for mental impairment is available in "myriad circumstances," including cases with petitioners "employing counsel." *Id.* at 1099. "The relevant question is: Did the mental impairment cause an untimely filing?" *Id.* at 1100 n.3. The fact that a petitioner was represented by counsel, while relevant to the analysis, does not categorically resolve the ultimate question. If Milam's impairment prevented the monitoring of his state habeas lawyer, and if monitoring would have prevented state habeas counsel from waiting so long between filings, Milam's impairment could have been a but-for cause of the untimely federal filing. *See Forbess*, 749 F.3d at 841.

In refusing to treat the retention of counsel during the relevant period as automatically foreclosing an impaired petitioner's claim to equitable tolling, *Bills* is consistent with the approach taken by our sister Circuits. In *Riva v. Ficco*, for example, the First Circuit faulted a district court's "failure to consider whether the counseled filings enjoyed the petitioner's effective participation" and remanded "for further development of the record with a view toward determining whether the petitioner's mental illness so severely impaired his ability effectively to pursue legal relief, either on his own behalf or through counsel." 615 F.3d 35, 43–44 (1st Cir. 2010). The Sixth Circuit has taken a similar approach. *See Stiltner v. Hart*, 657 F. App'x 513, 523–26 (6th Cir. 2016) (citing *Bills* and awarding equitable tolling to a petitioner unable "to monitor the legal assistance provided for him by a fellow prisoner or an attorney to make sure that they met the relevant deadline"). Moreover, *Bills* is consistent with our treatment of equitable tolling in other contexts. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (awarding equitable tolling to Title VII

plaintiff whose "mental illness . . . precluded her from exercising an agency relationship with the attorney who handled her EEOC case").

In holding that the district court erred when it refused to consider evidence of Milam's mental impairment simply because he had counsel during the periods at issue, we do not suggest that Milam is entitled to equitable tolling without a further showing. Even if Milam suffered from a mental impairment while represented by state habeas counsel, equitable tolling requires that the impairment be a "but-for" cause of his untimely federal filing. *See Forbess*, 749 F.3d at 841. Milam claims that but for that impairment, he would have monitored state habeas counsel's filings to be sure that his federal habeas rights were preserved. The district court never addressed either whether Milam was actually impaired or, if so, whether that impairment caused the untimely federal filing. "Mindful of the Supreme Court's observation that 'often the exercise of a court's equity powers must be made on a case-by-case basis,' we find it appropriate for the district court in the first instance to apply the facts of the case to the legal standards we set forth today." *Bills*, 628 F.3d at 1101 (quoting *Holland*, 560 U.S. at 649–50).

## B

Equitable tolling may also be justified because of "serious instances of attorney misconduct." *Holland*, 560 U.S. at 652. But, "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 651–52 (cleaned up). Merely ineffective performance of state post-conviction counsel does not give rise to equitable tolling. *Miranda*, 292 F.3d at 1067–68.

The district court concluded that state habeas counsel's misconduct was insufficient to warrant equitable tolling because it was not "true 'abandonment' under Supreme Court and Ninth Circuit authority." We have stressed, however, that equitable tolling can be "based on a range of attorney misconduct not limited to abandonment." *Luna v. Kernan*, 784 F.3d 640, 648 (9th Cir. 2015). Because the district court thought abandonment was required, it did not consider whether Milam's state habeas counsel's misconduct qualified as an "extraordinary circumstance" under all the facts of this case. We therefore remand for the appropriate analysis.

## IV

The state argues that even if Milam obtains all the equitable tolling he seeks, his federal petition would still be untimely. We disagree. Milam's federal habeas petition was filed 1039 days after his state conviction became final, so he must obtain at least 674 days of tolling for his petition to be timely. *See* 28 U.S.C. § 2244(d)(1); *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("AEDPA allows a petitioner just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition."); *see also Holland*, 560 U.S. at 649 (holding that § 2244(d) is subject to equitable tolling).

If Milam completely succeeds in his assertions of equitable tolling, his federal petition would be timely. Milam seeks tolling (both equitable and statutory) not only for the 616 days his state habeas petitions were pending, but also for (at least) the 224-day period between the denial of his last state habeas petition and his retention of federal habeas counsel. If Milam is successful on both scores, the resultant 840 days of tolling would make his federal petition timely. We of course express no opinion as to whether

Milam is entitled to equitable tolling and if so, in what amount; we note only that the tolling he seeks, if awarded, would be sufficient to bring his petition within the one-year federal limitations period.

## V

For the reasons above, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**