NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 19-15439 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-00338-CRB |
| v. | |
| DAVID BAUGHMAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 12, 2020**
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,*** District Judge.

Rogelio Ruiz appeals the district court's dismissal of his 28 U.S.C. § 2254

habeas corpus petition for failure to comply with the statute of limitations, 28

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

U.S.C. § 2244(d). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's decision to dismiss a § 2254 habeas petition as untimely. *See Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012).

Ruiz invokes equitable tolling to avoid dismissal on limitations grounds. To successfully invoke equitable tolling, Ruiz must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Moreover, because § 2244(d) "does not permit the reinitiation of [a] [statute of] limitations period that has ended," *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), Ruiz must have qualified for at least some equitable tolling before his limitations period was set to expire on September 18, 2008—and tolling must have accrued, without ever expiring before a tolled deadline, for a total of 3,018 days.

For the reasons set forth in the district court's thorough opinion, *see Ruiz v. Baughman*, Case No. 3:17-cv-00338-CRB, 2019 WL 978767, at *2–8 (N.D. Cal. Feb. 28, 2019), Ruiz's equitable tolling argument fails. Moreover, contrary to Ruiz's post-argument submission, our recent decision in *Milam v. Harrington*, 953 F.3d 1128 (9th Cir. 2020), does not warrant a remand for the district court to consider whether his mental impairment was the "but-for" cause of his untimely

2

petition. Unlike in *Milam*, where the district court "never addressed either whether [the petitioner] was actually impaired or . . . whether that impairment caused the untimely federal filing," *id*. at 1133, the district court here fully considered Ruiz's mental impairment argument and correctly found it wanting. *See Ruiz*, 2019 WL 978767, at *6–7.

**AFFIRMED.**