**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYCE EVERETT PETERSON, | No.  19-35923 |
| Petitioner-Appellant, | D.C. No.<br>9:17-cv-00019-DLC-KLD |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF MONTANA; JIM SALMONSEN, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted October 8, 2020
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[**] District
Judge.

Petitioner Bryce Everett Peterson (Peterson) appeals the district court's

denial of his federal habeas petition as time-barred pursuant to the one-year statute

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Peterson contends that the district court erred in holding that his federal habeas petition was untimely, arguing that the one-year limitations period was reset when the state trial court issued an amended judgment that no longer required Peterson to pay restitution.

But even if the amended judgment reset the limitations period, Peterson concedes that his federal habeas petition was untimely absent equitable tolling of the limitations period.[1] And Peterson did not establish that the state trial court affirmatively misled him or that any other extraordinary circumstances prevented him from timely filing his federal habeas petition. *See Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020) (stating that "[a] habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[1] Because the timeliness of Peterson's federal habeas petition hinges on equitable tolling and the state has fully briefed the issue, we grant a certificate of appealability (COA) on whether Peterson should be afforded equitable tolling. *See Carter v. Davis*, 946 F.3d 489, 522 (9th Cir. 2019) (per curiam) (explaining that "when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA can issue only if the prisoner shows that (1) jurists of reason would find it debatable whether the district court was correct in its procedural ruling, and (2) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right") (citation and internal quotation marks omitted).

2

prevented timely filing") (citation and internal quotation marks omitted).

We grant Peterson's request to expand the COA to consider the timeliness of his judicial bias claim. The district court erred by construing Peterson's judicial bias claim as an actual innocence claim, and then determining that the claim was untimely. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the district court should have measured the timeliness of Peterson's judicial bias claim from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Peterson sufficiently established that he discovered the vital facts underlying his judicial bias claim in October, 2016, when he obtained information concerning the judge's alleged involvement with the victim of Peterson's offenses. Thus, Peterson's judicial bias claim set forth in his habeas petition filed on February 17, 2017, was timely. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (explaining that a habeas petitioner's claim is timely based on the discovery of "vital facts" that "could not have been known by the date the appellate process ended") (citation and internal quotation marks omitted). Accordingly, we remand the claim to the district court for further proceedings.

We deny expansion of the COA to encompass Peterson's claim that the district court abused its discretion in denying his request for an extension to file

3

objections to the magistrate judge's report and recommendation because it is not debatable that the district court properly exercised its discretion. *See Carter*, 946 F.3d at 522. The district court denied Peterson's request for a 45-day extension because it had already granted two prior extensions for Peterson to file his objections. Moreover, the district court afforded Peterson two additional weeks to file his objections in lieu of the requested forty-five day extension.

**AFFIRMED in part, REVERSED in part, and REMANDED.**