**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERRICK E. STEILMAN, | No. 20-35103 |
| Petitioner-Appellant, | D.C. No. CV 19-38-BU-BMM |
| v. | MEMORANDUM* |
| REGINALD D. MICHAEL, Director, Montana Department of Corrections; TIMOTHY C. FOX, Montana Attorney General, | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 10, 2021**
Seattle, Washington

Before: GILMAN***, GOULD, and MILLER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

This case involves Derrick E. Steilman's petition for habeas relief under 28 U.S.C. § 2254. Steilman filed a § 2254 petition challenging the legality of his 110-year-sentence without the possibility of parole for a Montana homicide that he committed when he was 17 years old. The district court dismissed the petition as untimely. We agree with the district court that Steilman's petition was untimely because he failed to seek relief within one year of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), and because he is not entitled to equitable tolling.

1. Shortly before turning 18, Steilman committed a murder in Butte, Montana. He pleaded guilty in October 1999.

2. Steilman filed an earlier petition for a writ of habeas corpus in the Montana Supreme Court in May 2016, wherein he claimed that his sentence was unconstitutional under the Eighth Amendment because the sentencing judge did not sufficiently account for his youth per the new rule announced in *Miller* and made retroactive in *Montgomery v. Louisiana*, 577 U.S. 190 (2016). The Montana Supreme Court held that "[t]he combination of the good-time credit to which Steilman is eligible and the amount of his sentence that will be discharged while serving a sentence on a wholly unrelated crime" meant that Steilman's sentence was not a de facto life sentence. *Steilman v. Michael*, 407 P.3d 313, 320 (Mont. 2017); *see also Steilman v. Michael*, No. CV 19-38-BU-BMM-KLD, 2019 WL

8017793, at *1 (D. Mont. Nov. 21, 2019), *report and recommendation adopted in part, rejected in part,* No. CV 19-38-BU-BMM, 2020 WL 359212 (D. Mont. Jan. 22, 2020) (noting that the Montana Supreme Court "observed that Steilman's Montana sentence ran concurrently to a Washington state sentence for a separate homicide, which would result in Steilman potentially serving [about] 31 years [for] the Montana homicide.").

3. We need not decide whether the Montana Supreme Court's decision on the merits was contrary to the United States Supreme Court's decision in *Miller* because Steilman's federal habeas corpus petition was untimely. A state petition for habeas corpus that is based upon the recognition of a new right must be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Steilman filed his petition within one year of *Montgomery*, but four years after the decision in *Miller*.

4. Unfortunately for Steilman, the decision that triggers the one-year statute of limitations is *Miller*, not *Montgomery*. *Miller* recognized a new right under the Eighth Amendment (the right to an individualized hearing for juvenile offenders before they can be sentenced to life without parole). 567 U.S. at 480. The Supreme Court's recent decision in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021),

reiterated that *Montgomery* simply held "that *Miller* applied retroactively to cases on collateral review." *Id.* at 1314; *see also id.* at 1316 ("*Montgomery* did not purport to add to *Miller*'s requirements."). Furthermore,

> in making the [*Miller*] rule retroactive, the *Montgomery* Court . . . declined to impose new requirements not already imposed by *Miller.* As *Montgomery* itself explained, the Court granted *certiorari* in that case not to consider whether the rule announced in *Miller* should be expanded, but rather simply to decide whether *Miller*'s "holding is retroactive to juvenile offenders whose convictions and sentences were final when *Miller* was decided."

*Id*. at 1317 (quoting *Montgomery*, 557 U.S. at 194). This leaves Steilman's timeliness argument based on *Montgomery* meritless because, as the Supreme Court decided in *Dodd v. United States*, 545 U.S. 353, 357 (2005), the date that a right is made retroactive is irrelevant for statute-of-limitations purposes.

5. Moreover, Steilman is not entitled to equitable tolling. His argument turns on an unsubstantiated, vague allegation that "his attorney abandoned him and gave him improper advice as to how much time he had remaining on the statute of limitations." He says that because he was "unable to present his claim to equitable tolling in the district court[,] . . . [t]his Court should . . . reverse and remand this case and give Steilman a chance to establish that he is entitled to equitable tolling."

6. But equitable tolling of the one-year limitations period created by 28 U.S.C. § 2244(d)(1)(C) is rarely granted. *Miranda v. Castro*, 292 F.3d 1063, 1066–67 (9th Cir. 2002). To benefit from equitable tolling, a petitioner must show

20-35103

that he has "pursu[ed] his rights diligently" and was hindered by an "extraordinary circumstance." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Before the district court, Steilman proffered several reasons for equitable tolling, including attorney malpractice, legal ignorance, and insufficient access to Montana legal materials while incarcerated in the state of Washington. *Steilman*, 2019 WL 8017793, at *3–4.

7. Although Steilman put forth several reasons before the district court in attempting to establish an "extraordinary circumstance," he proffers on appeal only that his attorney misadvised and "abandoned him." But Steilman provides no evidence to substantiate his argument, and this single reason does not constitute an "extraordinary circumstance." *See Frye v. Hickman*, 273 F.3d 1144, 1145–46 (9th Cir. 2001) (holding that counsel's general negligence did not warrant equitable tolling); *see also Ford v. Pliler*, 590 F.3d 782, 786 (9th Cir. 2009) (noting that the petitioner had given the lower court no evidence that an "attorney's conduct had made it impossible . . . to file a timely federal habeas petition"). In any event, the attorney misconduct that Steilman alleges apparently occurred after the statute of limitations had already lapsed, so it could not change the result in this case. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**AFFIRMED.**