MEMORANDUM *
Joel Alcox appeals the district court’s dismissal of his habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to § 2253(a). Because Alcox was never afforded an evidentiary hearing as to whether he exercised diligence, and because the district court mistakenly evaluated the wrong time period and erroneously found Alcox offered no reasons for the delay in filing his first petition, we reverse and remand for an evidentiary hearing as to whether Alcox exercised due diligence in pursuing the factual predicate for his habeas claim. Id. § 2244(d)(1)(D).
The state courts never addressed whether Alcox exercised due diligence and never held an evidentiary hearing on that question. The district court, also without holding a hearing, improperly concluded that Alcox “took no meaningful action regarding his claim for more than ten years.” The district court should have held an evidentiary hearing because where, as here, the facts are in dispute, “a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.” Townsend v. Sain, 372 U.S. 293, 312-13, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), overruled in part on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992).
The district court incorrectly faulted Alcox for failing to pursue his claim as early as 1988. However, as the district court recognized, AEDPA was not enacted until 1996, and Alcox was not required to file his federal petition until April 24, 1997. Thus, in analyzing Alcox’s diligence, the district court should have examined his activities between 1996 and 2002, when he filed his first state habeas petition.
The district court’s conclusion that Alcox “offers absolutely no reason” for his untimely petition is belied by the record. Alcox’s opening brief describes habeas counsel’s lengthy investigation to track down alibi witnesses, most of whom had moved out of state. Alcox explained that he was imprisoned and destitute, and that until he obtained volunteer counsel and an investigator, it would not have been reasonable to have expected him to undertake such a daunting, comprehensive investigation from his prison cell. Contrary to the district court’s conclusion, Alcox’s incarcerated status, the ban against contacting oth *176 er prisoners directly, his lack of resources, and his utter lack of any outside support are all factors relevant to the due diligence inquiry. See Souliotes v. Evans, 622 F.3d 1173, 1175, 1178 (9th Cir.2010) (the “due diligence requirement is an objective standard that considers the petitioner’s specific situation,” and it “does not require that petitioners exercise the maximum diligence possible ... but only ‘due’ or ‘reasonable’ diligence”).
The district court’s conclusion that Alcox “took no meaningful action ... until March 1999,” when his relatives began to seek habeas counsel, is also contradicted by the record. Alcox did not know the identity of his biological relatives when he was incarcerated. These relatives were the people who sought habeas counsel in 1999; therefore, Alcox must have taken steps to locate them and work with them to obtain counsel before 1999.
Alcox’s argument that his actual innocence claim equitably tolls the AEDPA statute of limitations is foreclosed by our decision in Lee v. Lampert, 610 F.3d 1125 (9th Cir.2010).
REVERSED and REMANDED with instructions to hold an evidentiary hearing on the due diligence issue.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.