**NOT FOR PUBLICATION**

FILED

JAN 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL ALCOX, | No. 12-57309 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01587-JVS-AJW |
| v. | |
| JEFFREY A. BEARD, | MEMORANDUM[*] |
| Respondent - Appellee, | |
| and | |
| PEOPLE OF THE STATE OF CALIFORNIA, Real Party in Interest, | |
| Respondent. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 20, 2014
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and PAEZ, Circuit Judges, and KENNELLY, District Judge.[**]

Joel Alcox appeals the district court's denial of his 28 U.S.C. § 2254 petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the district court erred in concluding that Alcox failed to exercise due diligence in pursuing the factual predicate of his habeas claim, we reverse and remand for further proceedings.

Where a habeas petition alleges newly discovered evidence, the one-year statute of limitations under AEDPA begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(D); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1929 (2013). "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotations omitted). Furthermore, where, as here, the petitioner alleges ineffective assistance of counsel, "a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts

---

[**] The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

suggesting both unreasonable performance *and* resulting prejudice." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (emphasis in original).

The district court erred in concluding that Alcox failed to exercise due diligence sufficient to delay commencement of AEDPA's one-year filing deadline. As we previously stated in this case, *Alcox v. Hartley*, 407 F.App'x 174, 175 (9th Cir. 2010), "in analyzing Alcox's diligence, the district court should . . . examine[] his activities between 1996 and 2002, when he filed his first state habeas petition." After conducting an evidentiary hearing on diligence, the district court incorrectly concluded that because Alcox "did nothing more" than contact the Salvation Army between 1996 and 1998, he had failed to act diligently. However, as we made clear in *Alcox*, a petitioner's specific circumstances, including his incarcerated status, the ban against contacting other prisoners directly, and his lack of resources and outside support are all factors relevant to the due diligence inquiry. *Id.* at 175-76; *see Souliotes v. Evans*, 622 F.3d 1173, 1178 (9th Cir. 2010), *vacated on other grounds*, 654 F.3d 902 (9th Cir. 2011) ("§ 2244(d)(1)(D)'s due diligence requirement is an objective standard that considers the petitioner's specific situation.").

Alcox testified that during his incarceration, he could make only fifteen-minute, collect phone calls at certain times, and that lockdowns placed further

limitations on these calls. When he was able to contact the Salvation Army, he learned that they lacked resources to help him. Given that his adoptive family faced financial and personal difficulties at that time, he knew that he needed to contact his biological family. Finding them was difficult, however; his original last name was his only clue, and he had few resources available to help him in his search. In addition to his limited access to a telephone, he had no computer access while incarcerated, and his adoptive parents were able to visit him only once a year.

When he was finally able to make contact with Sharon Tissue, one of his biological family members, in 1998, he was hesitant to ask for her help right away. Tissue confirmed that had Alcox asked for help immediately, she would not have given it, since she was wary of his incarcerated status. But once Tissue agreed to help Alcox, they met numerous times—sometimes weekly—to work on his case. Tissue ultimately secured counsel for Alcox, and, through counsel, he was able to discover the factual predicate of his ineffective assistance of counsel claim. This took considerable time even after counsel obtained the files of Alcox's then-deceased criminal defense attorney. He filed his federal habeas petition within one year thereafter. Thus, Alcox exercised reasonable diligence in discovering the

4

factual predicate of his habeas petition, and timely filed his petition.

**REVERSED and REMANDED.**